JAMES B. BEAM DISTILLING CO., Plaintiff-Appellee, *v.* FOREMOST SALES PROMOTIONS, INC., Defendant-Appellant.

(No. 57055;

First District (5th Division)—June 29, 1973.

Allen H. Schultz, of Chicago, for appellant.

Morton Siegel, of Chicago, (Kenneth S. Freedman, of counsel,) for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff James B. Beam Distilling Co. filed a verified amended complaint for preliminary and permanent injunctions against Foremost Sales Promotions, Inc., alleging that defendant violated the Illinois Fair Trade Act. (Ill. Rev. Stat. 1969, ch. 121½, secs. 188—191.) Defendant filed a verified answer to the complaint. Pursuant to proceedings detailed below, the trial court issued an injunction.

On appeal defendant contends: (1) that the injunction is invalid because a hearing was not held, and (2) that the injunction is invalid because it is not specific as to its terms.

After complaint and answer were filed, the parties, pursuant to a letter from the President of defendant promising plaintiff that defendant would abide by plaintiff's fair trade program, entered into a stipulation

whereby a consent judgment was entered. It provided that the complaint would be withdrawn and provides:

> "If any any [sic] time, Defendant does advertise the products of the Plaintiff at less than the stipulated or stipulated minimum prices, in effect from time to time under Plaintiff's alleged Fair Trade contract, Plaintiff may petition the Court for appropriate relief. The Defendant shall be permitted to file an Answer to said Petition."

After other advertisements, a second consent judgment to the same effect was entered upon stipulation of several Foremost liquor stores.

Plaintiff subsequently filed a verified petition for permanent injunction alleging that defendant had advertised plaintiff's products at less than their fair trade prices and contrary to the terms of the consent judgment. Pursuant to the terms of the judgment, the court gave defendant time to answer the petition. However, before the answer was filed and before the date set for hearing had arrived, plaintiff filed a separate verified petition for a temporary restraining order or in the alternative for immediate entry of a permanent injunction. Notice of the motion was served on defense counsel. When this last petition came to the court's attention before the date set for hearing on the petition for permanent injunction, plaintiff's counsel advised the court that defendant had twice advertised since the advertisement which had led to the petition for permanent injunction. Counsel expressed the opinion that defendant was delaying hearing on the matter so that it could irreparably injure plaintiff. Defense counsel pointed out that the court had allowed him a few more days to answer and that he was going to file an answer. He stated, however, that defendant would not maintain the status quo without an injunction.

As a result of these proceedings, the court determined to issue an injunction. However, the judgment of injunction does not appear in the record, but it was quoted in the notice of appeal:

> "[D]efendant * * *, its agents and servants, and each and every one of them be, and they are hereby jointly and severally enjoined and restrained from wilfully and knowingly advertising, offering for sale or selling [plaintiff's] products, including but not limited to [naming one product], in Illinois at less than the prices stipulated by plaintiff from time to time under the Fair Trade Act of the State of Illinois, and in accordance with the contracts made pursuant to said Fair Trade Act, which contracts at the time of filing of the Complaint were, or now are, or may hereafter be in force in Illinois relating to the sale or resale of any of said beverages in that State."

The record does contain the writ of injunction. The terms of the injunction, to the same effect as the judgment quoted in the notice of appeal, were typed in on a printed form for such writs which ended with among other words: "until this court shall otherwise order."

OPINION

■■ Defendant first contends that the injunction was invalid because a hearing was not held. The nature and type of hearing which may be required before issuing an injunction depends primarily upon the type of injunction requested, the type of injunction issued, and the status of the pleading at the time. (See *Paddington Corp. v. Foremost Sales Promotions, Inc. ante,* p. 170.) The relief requested was a temporary restraining order or immediate entry of a permanent injunction. The pleading at the time showed no response of any sort by defendant to either petition although defendant's counsel told the court defendant was going to file an answer within the time allowed by the court for pleading to the petition for permanent injunction. However, the type of injunction entered by the court is somewhat unclear. It certainly was not a temporary restraining order. Plaintiff had not requested a preliminary injunction even if we assume that the words in the printed form for the writ of injunction are significant. Permanent injunctions may not be entered without a trial on the merits where defendant is not in default. Since the judgment of the injunction quoted in the notice of appeal indicates a permanent injunction and since plaintiff requested immediate entry of such injunction, we must assume, where no other contrary indications exist, that the court entered a permanent injunction. This was error. It must be apparent, of course, that a temporary restraining order could have been appropriate in these circumstances. For the above reason, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with instructions.

DRUCKER, P. J., and ENGLISH, J., concur.