CHARLES KENGOTT *et al.*, Plaintiffs-Appellees, *v.* THE COUNTY OF LAKE, Defendant-Appellant.

Second District (1st Division)    No. 75-444

Opinion filed October 15, 1976.

Jack Hoogasian, State's Attorney, of Waukegan (Michael M. Sieman and William F. Sachen, Assistant State's Attorneys, of counsel), for appellant.

Edward R. Holmberg, Jr., of Hall, Meyer, Fisher, Holmberg & Snook, of Waukegan, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The simple issue raised ultimately in this case is whether the trial judge on a petition for a preliminary injunction, heard two days after the complaint was filed, may issue a permanent injunction and then refuse to hold a hearing on the merits of the case.

On April 23, 1975, the plaintiffs filed a two-count complaint, seeking among other things, a "temporary injunction" to enjoin the County of Lake from enforcing the provisions of the Lake County Zoning Ordinance. Plaintiffs further sought a declaratory judgment which would allow plaintiffs to use their premises for family camping in camping trailers or recreational vehicles as zoned under the provisions of Resort Residential (RR) zoning classification of the Lake County Zoning Ordinance.

Upon motion, a hearing was held on Count I of the complaint two days later on April 25, 1975. The State's Attorney for Lake County appeared and took part in this hearing. Summons was served on the same day, to-wit, April 25, 1975. On the same day the trial court entered an order

finding that the use of plaintiffs' premises for family camping in tents, camping trailers or recreational vehicles was not in violation of the RR zoning classification and enjoined the County of Lake "from attempting to or threatening to prohibit Plaintiffs in their use of the premises as aforesaid."

Thereafter the State's Attorney filed a motion seeking to vacate in part the April 25 order and for a full hearing on the merits after defendant had the opportunity to plead, and that plaintiffs be granted a "temporary injunction" preserving the status quo until a decision was made on the merits. The trial court denied this motion on June 25, 1975, and found that its order was final and appealable.

■■ We therefore have before us a complaint for temporary injunction, which under the pertinent statutory provision should be entitled "preliminary injunction". Since the 1967 revision of the Injunction Act, only two types of injunctions may be entered prior to resolution of the controversy on its merits: (1) temporary restraining orders (Ill. Rev. Stat. 1973, ch. 69, par. 3—1) and (2) preliminary injunctions (Ill. Rev. Stat. 1973, ch. 69, par. 3).

Two days later we find that the trial court made a finding on the merits and enjoined the County of Lake from "attempting to or threatening to prohibit Plaintiffs in their use of the premises as aforesaid." It can be seen that the type of injunction issued is unclear, but for all practical purposes it was a permanent injunction. When the County of Lake sought to have a full hearing on the merits, even preserving the status quo by a temporary injunction against itself, the trial court refused to do so.

■■ As pointed out in *James B. Beam Distilling Co. v. Foremost Sales Promotions, Inc.* (1973), 13 Ill. App. 3d 176, 178, 300 N.E.2d 488, 490:

> "Permanent injunctions may not be entered without a trial on the merits where defendant is not in default. Since the judgment of the injunction quoted in the notice of appeal indicates a permanent injunction and since plaintiff requested immediate entry of such injunction, we must assume, where no other contrary indications exist, that the court entered a permanent injunction. This was error."

In the case before us, since the hearing on plaintiffs' complaint was held on the same date that summons was served, it is obvious that the only injunction that could be properly entered would be a preliminary injunction. The court's order determining the issues in favor of the plaintiff and issuing an injunction, which obviously the trial court considered permanent in nature as evidenced by the court's refusal to allow the defendant to plead, is in error.

■■ In *Kleinschmidt v. Kleinschmidt* (1951), 343 Ill. App. 539, 552, 99 N.E.2d 623, 629, it was stated:

"The Illinois courts have held that it was error to grant a temporary injunction, or refuse to dissolve such an order, without considering the answer (*Moss v. Balch,* 320 Ill. App. 135), or without giving defendant an opportunity of denying the charges made. (*Brandt v. International Brotherhood of Teamsters,* 304 Ill. App. 578)."

and, as the court stated in *H.K.H. Development Corp. v. Metropolitan Sanitary District* (1964), 47 Ill. App. 2d 46, 53-54, 196 N.E.2d 494, 498, with reference to a hearing on the merits:

"The time for settling these issues is not on a motion for a preliminary injunction or on an appeal from such an injunction, but rather at the hearing on the motion to dismiss or during the trial of the case when both parties will have the opportunity to produce evidence in support of their contentions. The ultimate issues of a controversy are usually not brought before a reviewing court by an interlocutory appeal, but are reserved for the trial. [Citation.] It is not the purpose of a temporary injunction to determine controverted rights or to decide the merits of a case."

We, therefore, find that the entry of the order of the trial court which determined the merits of the case and issued the permanent injunction, and the subsequent refusal of the court to allow defendant to plead and hear the case on its merits are both in error.

In view of our findings herein, we do not deem it necessary to consider the other issues presented by the parties.

For the above reasons, the judgment of the circuit court of Lake County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SEIDENFELD and HALLETT, JJ., concur.