(No. 12824.—Reversed and remanded.)

The Rooks Creek Evangelical Lutheran Church, Appellant, *vs.* The First Lutheran Church of Pontiac, Appellee.

*Opinion filed October 27, 1919—Rehearing denied Dec. 5, 1919.*

1. Deeds—*conditions subsequent are preferred to conditions precedent.* Where the words of a condition in a deed are of doubtful meaning the courts prefer to construe the condition as subsequent rather than precedent and to give a present estate liable to be divested rather than to defer the vesting.

2. Same—*distinction between a condition subsequent and a covenant.* The chief distinction between a condition subsequent and a covenant pertains to the remedy in the event of a breach, which in the former subjects the estate to a forfeiture and in the latter is merely a ground for recovery of damages, and while the addition of a clause providing for re-entry or forfeiture shows an intention to impose a condition subsequent such a clause is not essential.

3. Same—*intention of parties controls in determining whether a condition subsequent or a covenant is included in a deed.* The words "on condition" may introduce a covenant in a deed as well as a condition subsequent, and whether a clause shall be construed to be a condition subsequent or a covenant depends on the intention of the parties to the deed.

4. Same—*when clause creates a condition subsequent and not a covenant.* Where, as a part of the consideration for the deed and not a mere incident thereto, the trustees of a church congregation convey to a similar society a lot with a church building thereon on condition that the grantee church "be and remain connected with" a particular synod of the church organization, the words used create a condition subsequent and not a covenant.

Appeal from the Circuit Court of Livingston county; the Hon. G. W. Patton, Judge, presiding.

Tuesburg, Wilson & Armstrong, for appellant.

Adsit & Thompson, for appellee.

Mr. Justice Carter delivered the opinion of the court:

This was an action in ejectment brought in the circuit court of Livingston county by appellant against appellee to recover certain real estate in Pontiac. After a hearing before the court and jury the court instructed the jury to find for appellee and the verdict was so returned. The cause was then appealed to this court.

On March 6, 1907, appellant conveyed by warranty deed to appellee, both being religious corporations duly organized under the laws of this State, lot 5 in block 61 in the original town of Pontiac. That deed reads as follows:

"This indenture witnesseth, that the grantor, the Rooks Creek Evangelical Lutheran Church of Rooks Creek township, Livingston county, Illinois, by Lewis B. Shay, Andrew F. Johnson and John Carlson, its trustees, of the county of Livingston and State of Illinois, for and in consideration of the sum of one dollar, and in order to carry into effect a resolution adopted by the members of said church at a meeting held as hereinafter set forth, convey and warrant to the First Lutheran Church of Pontiac, whose trustees are James M. Mitchell, Julius Johnson, Peter Peterson, P. J. Sjoborg and Ole Erickson, to them and their successors in office, county of Livingston and State of Illinois, the following described real estate, to-wit: Lot five (5) in block sixty-one (61) in the original town (now city) of Pontiac, in Livingston county, Illinois.

"Resolution hereinabove referred to:

" 'Whereas Rooks Creek Evangelical Lutheran Church at Rooks Creek township, Livingston county, Illinois, did in the year 1894-1895 purchase a church building and lot for the purpose of establishing a station for worship in the city of Pontiac for members of said congregation and others; and whereas said church building was duly dedicated for worship by the officials of the Hauges Lutheran Synod (of which said Rooks Creek church was and still is a member) according to the teachings and rules of said synod, and said worship and other mission work has been continually kept up by the members of said church; and whereas the pastor, O. O. Ris-

wold, now in the service of said church, has solicited subscriptions for the organization of an independent church in the city of Pontiac, consisting of the original members of said Rooks Creek Evangelical Lutheran Church and others now living in and near the city of Pontiac, and said members desire to maintain their connection with said synod; and whereas it appears proper for the permanent establishment of said independent church to connect with some Lutheran synod, and for the purpose of avoiding strife and contention in the said city of Pontiac, where there apparently is no room for more than one Lutheran church to succeed, it seems to us reasonable and proper and in accordance with the christian practices where peace is predominating and local success desired, that the new church, composed as above set forth, should unite with the synod already established in said city, and, if possible, to divide pastoral service with said Rooks Creek church:

" *'Therefore be it resolved,* the board of trustees for Rooks Creek Evangelical Lutheran Church be and are hereby authorized to convey and transfer to the said church in Pontiac lot 5, block 61, in the original town (now city) of Pontiac, together with the church building thereon, subject to the indebtedness thereon due to A. Erickson, Th. Ryerson and R. Aarvig, on condition that said church be and remain connected with the Hauges Lutheran Synod.

" 'Adopted by the Rooks Creek Evangelical Lutheran congregation at their regularly appointed annual meeting, held at the First Lutheran Church of Pontiac, Ill., Feb. 7, 1907.

" 'O. O. Riswold, Chairman; O. S. Ryerson, Temporary Secretary.'

"Dated this sixth (6) day of March, A. D. 1907.

LEWIS B. SHAY,      (Seal)
ANDREW F. JOHNSON,  (Seal)
JOHN CARLSON,       (Seal)

*Trustees of the Rooks Creek Evangelical Lutheran Church.*"

The deed was delivered to appellee March 8, 1907, and duly recorded on June 17, 1907. The appellee corporation, after the delivery of the deed, entered into the possession of said lands and premises and still remains in possession. It was not then, and never has since become, connected with the Hauges Lutheran Synod. In May, 1911, the appellee corporation regularly adopted, at a regular session of the corporation, a revised constitution, which provided, among other things, that they recognized the necessity of maintaining some connection with a Lutheran body in order to se-

cure the services of regularly trained and ordained pastors. in good standing, but that as the membership of the church was then made up of various nationalities and people coming from different Lutheran synods, it was deemed expedient for the present, until action shall have been taken as hereinafter provided, to remain as an independent organization synodically, "provided, however, that this section shall not be construed as a repudiation of one certain clause set forth in a deed conveying the church property on the corner of Oak and Water streets to the First Lutheran Church of Pontiac, namely, that the church 'be and remain connected with the Hauges Lutheran Synod.' " It appears from the record that the appellee church never joined the Hauges Synod, but that in January, 1918, it joined the Evangelical Lutheran Synod of Northern Illinois. We do not deem that the transactions since the execution of this deed are necessarily controlling, but have stated them so that all the circumstances in connection with the transaction may be in mind in construing this deed.

It is contended by counsel for appellant that the deed conveyed the land first upon a condition precedent that the appellee church should become connected with the Hauges Synod; and second, on a condition subsequent that it should remain connected with said synod. Counsel for the appellee argue that the language of the deed, if construed as a condition, must be construed as a single condition, and that is, that the grantee church should have a continuing connection with said Hauges Synod; that as these two provisions or conditions in the deed are connected by the conjunction "and," both clauses must be construed together as one condition, (6 Am. & Eng. Ency. of Law,—2d ed.— 505,) and that by this same authority, if the language does create a double condition, neither condition is required to be performed before the vesting of the title.

We do not think the clause in the deed should be construed as a condition precedent. It is disclosed by the

wording of the deed that at the time it was executed the Rooks Creek congregation was aware that its pastor was organizing an independent Lutheran church in Pontiac; that it was not the intention of the Pontiac church to then be connected with the Hauges Synod or any other synod; that it was evidently the desire of the Rooks Creek congregation to transfer its property at once to the new congregation in order that there would not be two Lutheran churches in said city. The resolution on which the deed was executed provided for immediate conveyance, and the deed was duly executed shortly after the passage of the resolution. We do not think it can be fairly argued that the deed either expressly or impliedly provided that the grantee church should first join said synod before the title passed. The grantee church was placed in possession of the property in question and remained in undisturbed possession, without objection on the part of the grantor church, for nearly twelve years. There is nothing in the language of the deed, or in the resolution under which the deed was executed, which made it necessary that the connection with the synod should be made before the title vested in the grantee. This connection with the synod could be made contemporaneously with or subsequent to the vesting of the title, equally as well as prior thereto. Courts prefer conditions subsequent to conditions precedent, and when the words are of doubtful meaning the courts prefer to construe the conditions as subsequent, so as to give a present estate liable to be divested rather than to defer the vesting. (*Phillips* v. *Gannon,* 246 Ill. 98, and authorities cited; *Nowak* v. *Dombrowski,* 267 id. 103.) "If the act or condition required do not necessarily precede the vesting of the estate but may accompany or follow it, and if the act may as well be done after as before the vesting of the estate, or if, from the nature of the act to be performed and the time required for its performance, it is evidently the intention of the parties that the estate shall vest and the grantee perform the act after taking posses-

sion, then the condition is subsequent." (Tiedeman on Real Property,—3d ed.—sec. 202.) Under the rules laid down by these authorities, as applied to the facts in this case, it must be held that the wording of the deed in question, if held to be a condition, creates a condition subsequent, the performance of which did not necessarily precede the vesting of the title.

The deciding and crucial question in this case, however, is whether the deed in question is so worded as to create a condition subsequent or a mere covenant. It must be conceded that the words "on condition," in a deed, are apt words to create a condition, yet such words have often been construed, in view of the context, as creating a covenant rather than a condition. (2 Devlin on Real Estate,— 3d ed.—sec. 971; *Nowak v. Dombrowski, supra.*) One of the most important considerations in determining whether a clause is a condition subsequent or something else is the presence or absence of a clause providing for re-entry by the grantor or his heirs or for forfeiture of the estate for a breach. (*Koch v. Streuter,* 232 Ill. 594.) Such a clause, while not indispensable, is always important as evidence of an intention to impose a condition subsequent, and will make certain that which, in its absence, is left open to construction. (*Druecker v. McLaughlin,* 235 Ill. 367.) It is difficult to say with any degree of precision when language importing a condition will be construed as a covenant. "The general rule undoubtedly is that courts will incline to construe language, wherever it is possible to do so, into a covenant rather than a condition. Still, if it is the clear intention of the parties to create an estate upon condition subsequent the courts must give effect to the intention of the parties." (2 Devlin on Deeds, 970*d;* 7 R. C. L. 1086.) It has been held that a covenant or condition may be created by the same words. The chief distinction between a condition subsequent and a covenant pertains to the remedy in the event of a breach, which in the former subjects the

estate to a forfeiture and in the latter is merely a ground for recovery of damages. Whether a clause shall be construed to be a condition subsequent or of covenant must depend upon the contract or circumstances and the intention of the party creating the estate. (12 Corpus Juris, 411.) According to the weight of authority, a clause only operates as a condition when it is apparent, from the whole scope of the instrument, that it was intended so to operate,—or, in other words, there is no technical rule but the courts are bound in each case to ascertain the intent and give the instrument effect accordingly. The intention of the parties as ascertained from the instrument itself will be enforced when this can be done consistently with the rules of law. (*Woodruff* v. *Woodruff*, 1 L. R. A. (N. J.) 380, and authorities cited in note; *Victoria Hospital Ass'n* v. *All Persons*, 169 Cal. 455.) A covenant is an agreement duly made between the parties to do or not to do a particular act. *Bald* v. *Nuernberger*, 267 Ill. 616, and authorities cited.

It is argued by counsel for appellee that the clause, "on condition that said church be and remain connected," etc., is not the whole consideration but only part of it, and that the conveyance in question was not voluntary; that the consideration therefor was the establishment of a single Lutheran church in Pontiac and the payment of the mortgage debt of $1600, and the promise of the Pontiac church (appellee herein) to be connected with the Hauges Synod; that this promise to be connected with the Hauges Synod being only a part of the consideration, therefore the failure to perform it could not defeat the whole title and right of the Pontiac church to the premises; that such promise should be construed as a covenant and not as a condition; that it has been held where a clause claimed to be a condition was only part of the consideration that it was merely a covenant or promise and not a condition; (*Victoria Hospital Ass'n* v. *All Persons, supra;*) that it has also been held that where a conveyance is not purely voluntary and there is

consideration other than the clause of condition or cove-
nant, such condition will not be held to be a condition sub-
sequent. (*Rawson* v. *School District,* 83 Am. Dec. 670.)
It is further insisted by counsel for appellee that the amount
of the mortgage mentioned in the deed was a part of the
purchase money, and under the form of the deed it must
be held that the grantee assumed the payment of this mort-
gage debt; that no precise and formal words are necessary
to impose upon a grantee an engagement to pay off a mort-
gage but the inquiry is as to the intention of the parties.
(*Brosseau* v. *Lowy,* 209 Ill. 405, and cases cited.)   It is
argued just as earnestly by counsel for appellant that the
grantee in this deed did not assume and agree to pay the
incumbrance; that the property was primarily liable for the
mortgage, and that under the reasoning of this court in *Ray*
v. *Lobdell,* 213 Ill. 389, it must be held that the grantee
only took the equity of redemption in incumbered property
and therefore was not personally liable to pay said indebt-
edness; that therefore it cannot properly be held that the
mortgage indebtedness was a part of the consideration.   It
is also argued by counsel for appellee that the absence of
any remedy under the covenant will not, by itself, make
into a condition language which is not so framed as to
warrant in law such interpretation; that the provision with
reference to the connection with the Hauges Synod was a
mere incident of the consideration and not its principal
feature.

We cannot hold that the connection with the Hauges
Synod was a mere incident to the consideration.   Consider-
ing the words of the resolution in connection with the rest
of the deed, we are of the opinion that the grantors in-
tended the connection with the Hauges Synod to be one of
the principal considerations upon which the title was con-
veyed.   The words used were apt words creating a con-
dition subsequent, and where the terms are distinctly and
plainly terms of condition, where the whole provision pre-

cisely satisfies the requirements of the definition, and where the transaction has nothing in its nature to create any incongruity, there is no room for refinement and no ground for refusing to assign to the subject its predetermined legal character.   In such a case the law attaches to the act, and ascribes to it, a definite significance, and the parties cannot be heard to say, where there is no imposition, no fraud, no mistake, that although they deliberately made a condition, and nothing but a condition, they yet meant that it should be enforced as a covenant.   (*Blanchard* v. *Detroit, Lansing and Michigan Railroad Co.* 31 Mich. 42; see, also, *United States* v. *Oregon and California Railroad Co.* 186 Fed. Rep. 861.)   The action on the covenant would not give appellant an adequate remedy.   There were apt words of consideration.   There is here largely an absence of other consideration and also an absence of other remedy.   In discussing a somewhat similar question it has been said: "If the vendee had altogether failed in the performance of his agreement as to the vendor, would it have been an adequate remedy to the vendor to give him an action of covenant? It is manifest it would not."   (*Bear* v. *Whisler,* 7 Watts, 144.)   In the light of all the facts in the case the same may be said here.   The facts and circumstances as disclosed by the record, including the recognition by the grantee in its action thereafter, all unite in tending to show that a condition rather than a covenant was intended by the words of this deed.   The only thing that could make such position stronger would be words of re-entry or forfeiture in the deed, and these, as the authorities show, are not necessary or indispensable in order to create a condition.

The judgment will therefore be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.     *Reversed and remanded.*