## John Eichelberger, Appellee, v. R. E. Robinson et al., Appellants.

1. MUNICIPAL CORPORATIONS—*when ordinance regulating auctions not invalid as discriminatory.* An ordinance regulating the holding of auctions, the enforcement of which is sought to be enjoined on the ground that it is discriminatory and therefore invalid, cannot be said to be such where there is nothing in the sections complained of which would apply to citizens of the municipality and not to strangers or itinerants who desire to engage in the regular auction business.

2. INJUNCTIONS—*mere allegation of irreparable loss insufficient to confer equitable jurisdiction to enjoin enforcement of ordinance.* In a suit to enjoin the enforcement of an ordinance relative to auctions the bill which alleged that complainant "intends to conduct public auctions in the future, and if he is prevented from so doing by the provisions of said ordinance No. 593 he will suffer irreparable loss," but which averred no facts from which it could be determined that he would suffer irreparable loss if equity should refuse to interfere in his behalf, was insufficient to justify a court of equity in assuming jurisdiction.

3. INJUNCTIONS—*sufficiency of bill to restrain enforcement of licensing ordinance by threatened prosecution for violation.* A bill to enjoin the enforcement of an ordinance regulating auctions which did not allege that complainant had been prohibited from conducting sales of his merchandise by auction but merely that he had been warned by members of the police department that he would be arrested if he maintained any public auctions of merchandise at his store without first complying with the provisions of the ordinance, was not sufficient to give a court of equity jurisdiction.

4. INJUNCTIONS—*when final decree may be entered without hearing on merits.* It is only where a demurrer to a bill for injunction has been interposed and has been overruled and the party elects to stand by his demurrer, that a final decree may be entered without a hearing on the merits.

5. APPEAL AND ERROR—*failure to file brief as grounds for reversal without review.* Where no brief was filed by an appellee the court would have been warranted in reversing and remanding the cause without a consideration on the merits.

Appeal by defendants from the City Court of Granite City; the Hon. L. D. YAGER, Judge, presiding. Heard in this court at the March term, 1924. Reversed and remanded with directions. Opinion filed July 7, 1924.

T. P. MOORE and J. B. HARRIS, for appellants.

H. J. BANDY, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellee, a retail jeweler, filed a bill for injunction in the City Court of Granite City, and obtained a decree against appellants, the mayor, police commissioners and chief of police, restraining them from enforcing ordinance number 593 of said city.

The sections of said ordinance as set forth in said bill, necessary to be here considered, are as follows:

"Sec. 457. For an auctioneer's license, for a year, twenty dollars; for six months, fifteen dollars; for one month and any less time, five dollars. This section shall not be deemed to apply to any freeholder of the city selling his own property in person, nor to any public officer making a sale in the discharge of his legal or official duty, if he cries his own sale. No auctioneer or other person, licensed or not, shall have any right to obstruct any street, alley or sidewalk with his goods, to the hindrance or detriment of persons passing on such street, alley or sidewalk, under a penalty of not less than three dollars for each offense."

"Sec. 458a. The provisions of section 457 shall not apply to any person, firm or corporation conducting regular auctions of goods, wares or merchandise at any store, mercantile establishment or place of business in the City of Granite City, whether such auctions be conducted daily, weekly or at less frequent intervals, but in all such cases the person, firm or corporation so conducting such auctions shall obtain a license therefor in accordance with the terms and provisions of section 458b following.

"Sec. 458b. No person, firm or corporation shall engage in conduct, or allow to be conducted, in any place under his control in the City of Granite City, any regular auction for the sale or auction of goods, wares, merchandise or personal property, whether such auction be conducted daily, weekly or at less fre-

quent intervals, without having first obtained from the City Clerk a license therefor. The license fee to be paid for the purpose of conducting an auction as provided for in this section and in section 458a preceding shall be $50 for each day or any part thereof, and the same shall be paid in advance before the permit to hold such auctions shall be issued by the City Clerk.''

Appellee alleges in his bill that he has been conducting auctions of merchandise at his place of business in said city, and intends to conduct the same in the future; that he has been warned by the members of the Granite City Police Department that he will be arrested if he maintains any public auctions at his place of business, without first complying with the provisions of said ordinance 593. Appellee further charges in said bill, and here contends as ground for said injunction, that said ordinance 593 is invalid, unenforceable and unconstitutional, in that it discriminates against citizens of Granite City who are maintaining and conducting regular places of business, and in favor of itinerants having no established place of business, and who may conduct auctions upon payment of a much smaller license fee than is exacted from local merchants. Said bill also contained a general averment of irreparable damage, unless the prayer for injunction be granted.

A temporary injunction was granted without notice. Thereafter, a motion made by appellants to dissolve said temporary injunction was denied, and a decree was entered making the injunction permanent. To reverse said decree, this appeal is prosecuted.

We are unable to determine how the ordinance in question can be held discriminatory. Section 458a states that section 457 shall not apply to persons conducting regular auctions of goods, wares or merchandise at any store, mercantile establishment or place of business in the City of Granite City. Under said ordinance, it matters not whether auctions are conducted by citizens of Granite City or by a stranger,

or whether by a person maintaining a regular place of business, or by a person with no place of business. There is nothing in the sections of the ordinance complained of which would apply to citizens of Granite City and not to strangers or itinerants who desire to engage in the regular auction business.

The allegation of irreparable injury in appellee's bill is that he "intends to conduct public auctions in the future, and if he is prevented from so doing by the provisions of said ordinance No. 593 he will suffer irreparable loss."

No facts are averred in the bill from which it can be determined as a matter of law that appellee will suffer irreparable loss if equity should refuse to interfere in his behalf. It is not enough merely to allege that irreparable injury or loss will be sustained, but facts and circumstances must be stated in the bill from which, if true, the court can determine that there is no adequate remedy at law, and that irreparable injury will follow in the event that a court of equity fails to assume jurisdiction. *Goodell v. Lassen,* 69 Ill. 145; *Poyer v. Village of Des Plaines,* 123 Ill. 111; *Chicago Public Stock Exchange v. McClaughry,* 148 Ill. 372; *Chicago, B. & Q. R. Co. v. City of Ottawa,* 148 Ill. 397; High on Injunctions, sec. 34.

The bill in this case does not allege that appellee has been prohibited from conducting sales of his merchandise by auction, but that he "has been warned by the members of the Police Department of Granite City, Illinois, that he will be arrested if he maintains any public auctions of merchandise at his store, without first complying with the provisions of the aforesaid ordinance No. 593 of the city of Granite City, Illinois." This is not sufficient to give a court of equity jurisdiction.

In *City of Chicago v. Chicago City R. Co.,* 222 Ill. 560, the court in discussing a question of this character at page 570 says:

"It is settled beyond controversy that a court of

equity has no jurisdiction to interfere with prosecutions for criminal offenses, and it makes no difference whether the prosecution is under a statute which applies to the State at large or under an ordinance which is in force only in a particular municipality. Courts of equity deal only with civil and property rights, and their powers do not extend to determining what laws or ordinances are valid or invalid unless such determination is incidental to the·protection of rights recognized by courts of equity alone." Citing High on Injunctions, sec. 68, p. 1244.

The court was therefore without jurisdiction to enjoin the enforcement of the ordinance in question. The court also erred entering a final decree without a hearing on the merits. It is only where a demurrer to a bill has been interposed and has been overruled, and a party elects to stand by his demurrer, that a final decree can be entered without a hearing on the merits. This is not a case of that character.

The bill in this case discloses no ground for equitable relief, and should have been dismissed.

No brief was filed by appellee, and we would have been warranted in reversing and remanding said cause without a consideration on the merits. Inasmuch, however, as the interests of a municipality are involved, we have fully considered the same.

For the reasons set forth, the decree will be reversed and the cause will be remanded with directions to dismiss said bill for want of equity.

*Reversed and remanded with directions.*