C. JACKSON PFEFFER *et al.*, Plaintiffs and Counterdefendants-Appellees, *v.* LEBANON LAND DEVELOPMENT CORPORATION, Defendant and Counterplaintiff-Appellant.

Fifth District    No. 75-405

Opinion filed February 8, 1977.—Rehearing denied March 11, 1977.

Michael B. Constance, of Brady, Donovan & Hatch, of Belleville, for appellant.

Thomas A. LeChien, of LeChien and Hantla, Ltd., of Belleville, for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The plaintiffs, C. Jackson Pfeffer and Lora D. Pfeffer, filed in the circuit court of St. Clair County a complaint for a declaratory judgment and injunctive relief regarding a certain deed by which they conveyed two parcels of land (hereafter Parcel I and Parcel II) to the defendant, Lebanon Land Development Corporation. Defendant filed not only its answer and counterclaim for a declaratory judgment, but also a motion

for summary judgment with a supporting affidavit. Plaintiffs also moved for summary judgment and filed plaintiffs' affidavit (with the consent of defendant's counsel, the plaintiffs' affidavit was that of plaintiffs' attorney and six days after the hearing, Mr. Pfeffer filed an affidavit identical to that of his attorney). During the hearings on the summary judgment motions, both parties' counsel assured the court that the only evidence to be considered was the pleadings, affidavits, and deed.

After arguments, the court ruled in plaintiffs' favor and in addition, issued a permanent injunction prohibiting defendant from using Parcel II for any purpose other than a golf course. Defendant's motions to reconsider were denied. The defendant has brought this appeal contending that the court erred in construing the deed in question and in entering a permanent injunction without affording defendant a hearing.

The record indicates that on December 12, 1968, for the consideration of $80,000, the plaintiffs conveyed Parcel I and Parcel II to the defendant. The controversy arose regarding the language in the deed conveying Parcel II. The clause in the deed stated:

### "PARCEL 2

A tract of land being part of Lot 6, part of the Southeast Quarter of Section 23, Township 2 North Range 7 West of the Third Principal Meridian, St. Clair County, Illinois; reference being had to the plat thereof recorded in the Recorder's Office of St. Clair County, Illinois in Book of Assessor's Plats Lands North No. 2 on page 26; also part of Lots No. 45 and 46 of "PERRYMAN'S SUBDIVISION" of the East part of said Lot 6 part of said Section 24; reference being had to the plat thereof recorded in the Recorder's Office of St. Clair Couny, Illinois, in Book of Plats "I" on page 51, all being more particularly described as follows, to wit: Beginning the survey thereof at a point in the North line of the aforesaid Lot 6, a distance of 1021.7 feet East of the Northwest corner thereof; thence continuing East along said North line of Lot 6, a distance of 722.7 feet to a point; thence South 40 degrees 25 minutes East a distance of 217.45 feet to a point in the Northwesterly right of way line of State Aid Route No. 2, also known as Belleville Street; thence Southwesterly along said Northwesterly Right of Way line of said State Aid Route No. 2 to a point which intersects a line drawn South 2 degrees 30 minutes East from the point of beginning; thence North 2 degrees 30 minutes West a distance 409.1 feet to the place of beginning.

*Excepting* a strip of land of Lot 6 herein described as follows: Beginning at a set pipe on the Southerly line and continuing for a distance of 100 feet to the Southwesterly corner of Lot 6; thence

Northerly along the West boundary of Lot 6 for a distance of 409.1 feet to a concrete monument; thence Easterly for another distance of 100 feet to a set pipe; thence in a Southerly direction to the point of beginning; *providing said property will revert to the Grantors herein if such parcel of land is not used and maintained for golf course purposes.*

Excepting the coal underlying the surface of said land and all rights and easements in favor of the estate of said coal." (Emphasis added.)

The court's order held in part:

"2. Plaintiff's Motion for Summary Judgment is hereby granted and the provisions of the reverter clause contained in such deed, to-wit:

'providing said property will revert to the Grantors herein if such parcel of land is not used and maintained for golf course purposes.'

apply to Parcel II as further set forth in such deed, but not to Parcel I, and Defendant's Motion for Summary Judgment is denied."

The defendant asserts that the court erred in construing the deed to hold that the reverter provision applied to the entire tract of Parcel II. The defendant contends that the language "providing said property will revert to the Grantors herein if such parcel of land is not used and maintained for golf course purposes" applies only to the immediately preceding described 100- by 409-foot tract. In support of his contention, defendant argues that in the phrase, "Excepting a strip of land of Lot 6 * * *" which precedes the description of the 100- by 409-foot tract, the word "excepting" does not operate to create an exception, but instead, creates a reservation. The thrust of defendant's theory is that since, in this instance, the exception functions as a reservation, the grantors intended to convey the 100- by 409-foot tract reserving in themselves only a right to a "buffer zone" upon which no structures may be built, and therefore the defeasance clause may be viewed as an integral part of and applicable to the reservation.

■■ Although the terms "exception" and "reservation" have been used indiscriminately as if synonymous in import (see *Chicago Title & Trust Co. v. Illinois Merchants Trust Co.*, 329 Ill. 334, 160 N.E. 597; *Adkins v. Arsht*, (E.D. Ill. 1943), 50 F. Supp. 761), the terms have different technical meanings. An exception in a deed withholds from that deed's operation some part of the thing conveyed which, but for the exception, would pass by the general description to the grantee. A reservation, on the other hand, is the creation of some new right, in behalf of the grantor, issuing out of the thing granted and which did not exist before as an independent right. (*McCue v. Berge*, 385 Ill. 292, 52 N.E.2d 789; *Dickman v. Madison County Light & Power Co.*, 304 Ill. 470, 136 N.E. 790; *Bullard v.*

*Suedmeier*, 291 Ill. 400, 126 N.E. 117.) At issue, therefore, is whether the trial court erred in construing the 100- by 409-foot tract as an exception to the conveyance so that the defeasance clause could not be logically said to apply thereto.

■■ It is well established that the primary purpose of the construction of a deed is to ascertain the intention of the parties, if not in conflict with a rule of law. (*Watts v. Fritz*, 29 Ill. 2d 517, 194 N.E.2d 276.) It is also well established that a conveyance should be construed as a whole, so as to carry out the intention of the parties as gathered from the entire instrument. (*Kinder v. LaSalle County Carbon Coal Co.*, 310 Ill. 126, 141 N.E. 537.) The deed speaks for itself, and its construction is dependent on the language used. It cannot be presumed that the words or terms in a conveyance were used without meaning or import, therefore a construction will be adopted that gives effect to the instrument and to each word and term employed, therein rejecting none as meaningless, repugnant or surplusage. *Law v. Kane*, 384 Ill. 591, 52 N.E.2d 212.

■■■ We find no ambiguity in the language of the instant deed. The plain language employed in the deed is that all of Parcel II is conveyed "Excepting a strip of" Lot 6. According to the well-settled rules cited above, the word "excepting" must be given its full legal import. The grantors are presumed to have used this word for the purpose of accomplishing the operation that the law of real property attributes to it. (*Sauls v. Cox*, 394 Ill. 81, 67 N.E.2d 187.) Moreover, were we to adopt the construction of the deed that defendant urges, we must, of necessity, apply two different meanings to the word "excepting." The word appears three times in the deed. The first time it appears following the description of the first tract conveyed—Parcel I. It next appears in the clause at issue. Finally it again appears following the description of Parcel II in the clause excepting "the coal underlying the surface." There is no dispute that the word was used technically in the other portions of the deed. In the construction of deeds, if technical words are used in one portion of the instrument they will also be technically interpreted when used in another portion of the instrument. *Spicer v. Moss*, 409 Ill. 343, 100 N.E.2d 761.

It therefore appears clear that the 100- by 409-foot tract which was a part of the land described as Parcel II, was excepted from the conveyance of Parcel II and, but for the exception, it would have passed to the grantee under the general description thereof. The grantor, however, conveyed nothing with respect to the excepted portion and the grantee has thus obtained no interest in that portion. Accordingly, the trial court did not err in finding that the 100- by 409-foot tract was excepted from the conveyance and had not passed thereby. It follows that the defeasance clause cannot be said to apply to this tract. To hold otherwise would deny the language of the deed its common and accepted meaning and would render the defeasance clause an absurdity. For these reasons we do not

believe that the last antecedent rule of construction can be applied to the instant case as the defendant urges. That rule states that unless there is something in the instrument which requires a different construction, the effect of a modifying phrase is to be confined to the last antecedent. (*City Trust, Safe Deposit & Surety Co. v. Lee*, 204 Ill. 69, 68 N.E. 485; *Olsen v. Valley National Bank*, 91 Ill. App. 2d 365, 234 N.E.2d 547.) The defendant argues that because of this rule, the defeasance clause can only modify the description of the 100- by 409-foot tract. However, we are of the opinion that since an exception is the last antecedent to the defeasance clause, a different construction is required since a defeasance clause cannot apply to property which has not been conveyed. In addition, the reverter clause makes clear to what it applies in the deed. The clause refers to "such parcel of land * * *." The word "parcel" only otherwise appears in the deed as the heading of the first tract, Parcel I, and as the heading of the second tract, Parcel II. There is no dispute that the defeasance clause does not apply to Parcel I in the deed and it is clear that the provision applies to the land described under the heading, Parcel II.

Having determined that the defeasance provision applies to the tract conveyed under the heading Parcel II in the deed, we must next decide what property interest was conveyed to the grantee. Correlatively, we must ascertain the property interest remaining in the grantors.

■■■ The Supreme Court of Illinois has decided that certain words, namely, "upon condition," "so that," and "provided" or their respective Latin equivalents are recognized as apt and customary to express the clear intention of creating a condition in a deed. (*Downen v. Rayburn*, 214 Ill. 342, 73 N.E. 364.) Where language of condition follows the words of grant of a fee simple interest in a deed, they express an intention to convey a fee upon a condition subsequent also referred to as a "conditional fee" (*Glass v. Johnson*, 297 Ill. 149, 130 N.E. 473) (not to be confused with a fee simple conditional, one of the two possible estates of inheritance before the Statute de Donis, enacted in 1285). This species of defeasable fee is to be distinguished from a determinable fee. An intention to convey a determinable fee, also called a "base" or "qualified" fee (but see *North v. Graham*, 235 Ill. 178, 85 N.E. 267), is evidence whereby following the language of grant of the fee, words of special limitation are employed. Examples of language of special limitation are "until," "during," "for so long as," "as long as," "during that time," and "no longer." (See 28 Am. Jr. 2d *Estates* §§ 28-30 (1966).) The difference between estates on special limitation and estates depending upon conditions subsequent is that in the former the estate determines in favor of the grantor, his heirs or successors as soon as the contingency happens (see *North v. Graham*, 235 Ill. 178, 85 N.E. 267), but in the latter, it endures until the grantor, his heirs or successors take advantage of the breach of condition. (See *Rooks*

*Creek Evangelical Lutheran Church v. First Lutheran Church,* 290 Ill. 133, 124 N.E. 793; 28 Am. Jur. 2d 257 n. 17 (1966).) In the former case the interest remaining in the grantor is a possibility of reverter, while in the latter the interest retained is a power of termination or right of re-entry.

■■ In our opinion the language contained in the defeasance provision in question is that of a condition subsequent. The word "provided" is clearly language of condition rather than special limitation. (*Downen v. Rayburn,* 214 Ill. 342, 73 N.E. 364.) Despite the absence of an express provision for re-entry, the defeasance clause definitely contains language of forfeiture. The existence of the phrase "will revert" in the clause, necessarily implies the existence of a right of re-entry or power of termination. (See *Rooks Creek Evangelical Lutheran Church v. First Lutheran Church,* 290 Ill. 133, 124 N.E. 793; *Downen v. Rayburn,* 214 Ill. 342, 73 N.E. 364, 28 Am. Jur. 2d *Estates* § 145 (1966).) Although this same language is also consistent with the creation of a determinable fee, we reject this construction for failure of the defeasance provision to contain any language of limitation, special or otherwise. We also reject the argument that the language of the provision in question is that of covenant. *Rooks Creek Evangelical Lutheran Church v. First Lutheran Church,* 290 Ill. 133, 124 N.E. 793.

The grantors thus retain the power to terminate the estate or right of re-entry upon the land described as Parcel II, upon the happening of the condition specified. In the instant litigation the grantors have not sought to exercise their power of termination, since the occurrence of the condition is only threatened. If the property described and conveyed as "Parcel II" continues to be used and maintained for golf course purposes, the grantors cannot exercise their power of termination or right of re-entry. The grantee's interest is subject to defeasance upon the happening of the condition and upon exercise of the power reserved.

■■ Because we believe the language of the deed to be in all material respects clear and unambiguous, we need not look elsewhere to determine the intention of the parties. We have considered the defendant's affidavits contained in the record. Assuming the truth of their contents, the personal conclusions and extrinsic evidence they represent would not be admissible under the present circumstances. (See *Unzicker v. Chambers,* 8 Ill. App. 3d 992, 291 N.E.2d 231.) Viewing the entire record, we cannot say that the trial court erred in granting plaintiffs' motion for summary judgment.

Finally, defendant contends that the lower court erred in ordering a permanent injunction prohibiting it from using Parcel II for any purpose other than a golf course without first affording defendant a full hearing. We agree.

■■ The well-established general rule is that a court of equity will

not grant a permanent injunction without giving the parties an opportunity to be heard. The parties are normally entitled to a trial in open court, with the right to have the evidence heard, either by deposition or orally, and the opportunity to examine and cross-examine witnesses. (*Hunt v. Sain*, 181 Ill. 372; *James Beam Distilling Co. v. Foremost Sales Promotions, Inc.*, 13 Ill. App. 3d 176, 300 N.E.2d 488; *Levy v. Rosen*, 258 Ill. App. 262; *Eichelberger v. Robinson*, 233 Ill. App. 579.) A permanent injunction should not be awarded except in a clear case. *Vulcan Detinning Co. v. St. Clair*, 315 Ill. 40, 145 N.E. 657; *Staley v. Mears*, 132 Ill. App. 2d 451, 142 N.E.2d 835.

No facts are averred in plaintiffs' complaint from which it can be determined as a matter of law that there is no adequate remedy at law, or that plaintiffs will suffer immediate and irreparable harm if equity should refuse to interfere on their behalf. See *Eichelberger v. Robinson*, 233 Ill. App. 579.

Indeed, there is no allegation that plaintiffs' remedy at law is inadequate. In fact, the remedy at law, termination and forfeiture of defendant's interest in Parcel II in favor of plaintiffs, seems far more effective than the equitable relief obtained. Moreover, we are not convinced that plaintiffs have demonstrated an immediacy of threatened harm irreparable enough to necessitate the issuance of a permanent injunction. Accordingly, we conclude that the trial court erred in issuing the permanent injunction. The defendant is entitled to a hearing on the propriety of equitable relief in the instant case.

For the foregoing reasons, we affirm the order granting summary judgment for declaratory relief on behalf of the plaintiffs; in addition we reverse and remand the order granting the permanent injunction for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part, and remanded with instruction.

JONES and G. J. MORAN, JJ., concur.