JOHN S. GOIN *et al.*, Plaintiffs-Appellees, *v.* EDITH EATER *et al.*, Defendants-Appellants.—(OLD BEN COAL COMPANY, Defendant-Appellee.)

Fifth District    No. 81-561

Opinion filed July 14, 1982.

Elmer Jenkins, of Benton, for appellants.

Vance I. Kepley, of Reno, O'Byrne & Kepley, of Champaign, for appellees John S. Goin and Shirley V. Goin.

Van Winkle & Van Winkle, of McLeansboro, for appellees Marshall Hamilton and Virginia L. Hamilton.

JUSTICE HARRISON delivered the opinion of the court:

The defendants, Edith Eater, Pauline Ellis, Irene Lynn and Thomas Morlan, appeal from a final judgment of the circuit court of Hamilton County, which, pursuant to a complaint for declaratory relief, determined that the plaintiffs, John S. Goin, Shirley Goin, Marshall Hamilton and Virginia Hamilton, were the owners of the mineral interests in certain parcels of land. This appeal presents two issues for review. First, the defendants contend that the trial court erred in construing a deed containing the words "formerly reserved" to limit the exception of coal, oil, gas and other minerals to the life estate which was outstanding at the time of the conveyances in question. Second, the defendants contend that the trial court erred in refusing to apply the doctrine of *laches* to this controversy. We affirm.

Plaintiffs Goin instituted this declaratory judgment action against the defendants. Plaintiffs Hamilton were subsequently allowed to intervene in the action. The evidence introduced at trial consisted largely of certified copies of the conveyances at issue in this action. These revealed that on August 13, 1941, Nancy E. Hart conveyed the entire property in question to the defendants' parents, Thomas P. Morlan and Eunice B. Morlan, as joint tenants. On January 24, 1942, the Morlans reconveyed to Hart an undivided one-half interest in all the oil, gas, and other minerals in the tract. The conveyance provided that, at Hart's death, her interest would revert to the Morlans or their assigns. Thomas Morlan died on August 15, 1957. On March 24, 1958, Eunice Morlan conveyed the property to Herman R. Brechtefeld and Helen I. Brechtefeld as joint tenants by a warranty deed describing the real estate as

"[t]he Northwest Quarter (NW 1/4) of the Northeast Quarter (NE 1/4) of Section Sixteen (16), Township Four (4) South Range Five (5) East of the Third Principal Meridian, except One Hundred Fifty (150) feet for Roadbed now occupied by the Louisville and Nashville Railroad, and except, the Right-of-way of State Highway Route #142, as recorded in Deed Record 113 at page 378 in the

Office of the Recorder of Hamilton County, Illinois; and except, all the coal, oil, gas and other minerals formerly reserved * * *." Herman Brechtefeld died on July 24, 1964. Nancy E. Hart remarried and then died on January 15, 1965.

On March 11, 1969, Helen Brechtefeld conveyed to John S. Goin and Shirley V. Goin as joint tenants "that part of the Northwest Quarter (NW 1/4) of the Northeast Quarter (NE 1/4) of Section 16 in Township 4 South, Range 5, East of the Third Principal Meridian, lying North and East of the Louisville and Nashville Railroad, except 150 feet for Roadbed now occupied by Louisville and Nashville Railroad, and except Right of S.B.I. Route 142, now U.S. Route 460, containing 19.2 acres. Subject to any prior reservations and conveyances of coal, oil, gas and other minerals."

On July 1, 1971, Helen Brechtefeld conveyed the rest of the property in question to LaVerne Lucky and Pearl Ann Lucky by a warranty deed containing essentially the same language as the Morlan to Brechtefeld conveyance. On August 11, 1972, LaVerne Lucky and Pearl Ann Lucky conveyed to George R. Koenig and Laura E. Koenig the property "lying South of U.S. highway route 460, and except all coal, oil, gas and other minerals formerly reserved * * *." On December 16, 1977, George R. Koenig and Laura E. Koenig conveyed that property to Marshall W. Hamilton and Virginia L. Hamilton by a warranty deed containing an identical description.

In summary, the claims of each set of plaintiffs arose under a chain of title common to both until March 11, 1969. At that time Brechtefeld conveyed one part of the property to the Goins while retaining another portion of the property. In 1971 she conveyed the retained tract to the Hamiltons' predecessors in interest. The defendants' claim is predictated on the exception of "all the coal, oil, gas and other minerals formerly reserved," contained in the 1958 deed from Eunice B. Morlan to the Brechtefelds, the defendants asserting that this interest passed to them upon Morlan's death.

On April 4, 1978, the defendants Eater, Ellis, Lynn and Morlan filed a notice of their claimed interest in the oil and gas underlying the real estate in question. On July 28, 1980, the Goins filed their complaint in the circuit court and on January 20, 1981, the Hamiltons' petition to intervene was granted. Defendant Old Ben Coal Company filed an answer but participated no further in this case. After a trial, judgment was entered in favor of both sets of plaintiffs and against the individual defendants. The defendants thereafter perfected this appeal from that judgment.

The defendants assert first that the trial court erred in construing the words "formerly reserved" to limit only the exception of coal, oil, gas and other minerals outstanding at the time of the conveyance from Morlan to

the Brechtefelds. The defendants argue that, because a grantee under a deed is estopped from controverting recitals contained in the deed (see *Wiley v. Lamprecht* (1948), 400 Ill. 587, 592, 81 N.E.2d 459), the plaintiffs may not deny that the grantor, Morlan, excepted the coal, gas, oil and other minerals. By asserting that Morlan reserved to herself the mineral interests in question this argument assumes the point in issue and we therefore find this theory, and the cases cited in its support, to be inapposite. The real issue before us is what interest, if any, was retained by Eunice Morlan in 1958 when she conveyed the property to the Brechtefelds. Because all of the plaintiffs derived their asserted interests from this transaction, the following discussion will apply equally to each plaintiff.

"In Illinois, a landowner is entitled to the surface and all that is below it, and when he makes a deed that contains no reservation and does not limit the estate conveyed, he conveys everything under the surface as well as on the surface. However, an owner of land also has the right to sever his land into estates, and he may dispose of the mineral estates and retain the surface, or he may dispose of the surface and retain the mineral estate. Oil and gas are minerals, and when a conveyance of lands is made, an owner of land has the right to reserve to himself all oil and gas rights if a provision of the deed so states." (*Jones v. Johnson* (1974), 16 Ill. App. 3d 996, 998-99, 307 N.E.2d 222.) The primary purpose of judicial construction of deeds is "to ascertain the intention of the parties, which is to be determined and gathered from the instrument as a *whole*, giving effect to every word and rejecting none as meaningless or repugnant, if it can be done without violating any positive rule of law." 16 Ill. App. 3d 996, 998.

The deed in question conveys specifically described real estate with three exceptions. The first exception is for a railroad bed, the second for the right-of-way of a State highway, and the last is for all coal, oil, gas and other minerals formerly reserved. "An exception in a deed withholds from that deed's operation some part of the thing conveyed which, but for the exception, would pass by the general description to the grantee." (*Pfeffer v. Lebanon Land Development Corp.* (1977), 46 Ill. App. 3d 186, 190, 360 N.E.2d 1115.) The first two provisions clearly except from the conveyance those portions of the property falling within the general legal description but which were not owned by the grantor, Eunice Morlan. "In the construction of deeds, if technical words are used in one portion of the instrument they will also be technically interpreted when used in another portion of the instrument. *Spicer v. Moss*, 409 Ill. 343, 100 N.E.2d 761." (46 Ill. App. 3d 186, 191.) Thus, the third use of the word "except" also indicates that Morlan was not conveying Hart's mineral interest to the grantee, Brechtefeld. From this, however, we do not conclude that Morlan reserved to herself the minerals (see the distinction between "reservation" and "exception" drawn in *Pfeffer v. Lebanon Land Devel-*

*opment Corp*. (1977), 46 Ill. App. 3d 186, 190), because to do so would be to ignore the phrase "formerly reserved." Morlan was conveying everything which she owned, but because Hart's life estate in the one-half undivided interest in the minerals was extant at the time of the conveyance, we read the deed to mean only, that to avoid appearing to convey that which she did not own, Morlan was excepting from the general description the mineral interest previously conveyed to Hart, in much the same manner as the other two exceptions excluded portions of the land in which the railroad and the State, respectively, had outstanding interests. When Hart died in 1965 her life estate was thereby extinguished and title to the one-half undivided mineral interest inured, by the terms of the deed creating the life estate, to the Brechtefelds by virtue of the interest which they had acquired as Morlan's grantees. We hold that the trial court correctly concluded that the Goins own the fee simple title, including all the coal, oil, gas and other minerals underlying the real estate described in the 1969 deed from Brechtefeld and that the Hamiltons own the fee simple title including all the coal, oil, gas and other minerals underlying the real estate described in the 1972 deed from the Koenigs.

The last issue for our review is whether the trial court erred in failing to apply the doctrine of *laches* to this case. "*Laches* will operate to bar equitable relief where the failure to assert a right, along with a lapse of time and other circumstances, causes prejudice to the adverse party." (*Finley v. Finley* (1980), 81 Ill. 2d 317, 329, 410 N.E.2d 12.) But without knowledge of the relevant facts, unless occasioned by a lack of diligence, delay will not bar relief. (*Amgro, Inc. v. Johnson* (1979), 71 Ill. App. 3d 485, 488, 389 N.E.2d 688.) The defendants have not shown how the plaintiffs might have discovered the defendants' claimed interest any sooner than they did. We find on this record that the plaintiffs were duly diligent in protecting their rights. Accordingly the trial court did not abuse its discretion in failing to apply the doctrine of *laches*. See *Finley v. Finley* (1980), 81 Ill. 2d 317, 330.

Affirmed.

KARNS, P. J., and KASSERMAN, J., concur.