GEORGE ROBERT CALI *et al.*, Plaintiffs-Appellants, *v.* JOHN DeMATTEI *et al.*, Defendants-Appellees.

Fifth District   No. 5—83—0556

Opinion filed February 9, 1984.

Michael Pasko, of Buckner, for appellants.

Ronald J. Giacone, of Benton, for appellee John DeMattei.

Feiger, Quindry, Molt, Harvey, Fyie & Hawkins, of Fairfield (Morris Lane Harvey, of counsel), for appellee S. C. Vaughan Oil Production Co.

JUSTICE KARNS delivered the opinion of the court:

George Robert Cali and Shirley Ann Cali brought this action in the circuit court of Franklin County against John DeMattei and the S. C. Vaughan Oil Production Company arising from Vaughan's entry onto the plaintiffs' land for the purpose of drilling for and removing the underlying oil and gas. Upon motion of the defendants, the court dismissed plaintiffs' action finding that DeMattei owned the oil and gas and had leased the same to Vaughan. Plaintiffs appeal.

The complaint alleged that DeMattei breached a warranty in a deed to plaintiffs' predecessor in title by illegally retaining the oil and gas in the property in question and then leasing that interest to Vaughan. The complaint also alleged trespass and conversion of the oil and gas against Vaughan. The plaintiffs claim that because DeMattei had no interest in the underlying oil and gas, he could not have leased that interest to Vaughan.

The facts are uncontested. In 1905, prior owners of the land conveyed the underlying coal to George Harris. This grant of the coal has been excepted in all subsequent conveyances of the land and is not at issue here. DeMattei acquired the property in 1939 subject to Harris' coal grant. On September 5, 1963, DeMattei conveyed the land by warranty deed to Carmelo Cali "excepting the coal, oil, gas and other minerals" underlying the property. Carmelo Cali conveyed the property to the plaintiffs in 1972; this warranty deed also "excepted" the coal, oil, gas and other underlying minerals.

The plaintiffs based their cause of action on the interpretation of the word "excepting" in the 1963 deed from DeMattei to Carmelo Cali. They claim that an *exception* under a deed has a technically distinct meaning from a *reservation* in that the former prevents an already identifiable interest from passing with the property while the latter creates a new interest and reserves it in the grantor. Plaintiffs argue that the language in the 1963 deed could only except the previously severed coal interest of Harris; subsequently, DeMattei's failure

to "reserve" the unsevered oil and gas interests was fatal to any retention of that interest by him. The sole issue in this case is whether DeMattei's use of the word "excepting" in the 1963 deed retained an interest in his favor of the underlying oil and gas in addition to excepting the coal previously conveyed to George Harris.

The law in Illinois is well settled that the primary purpose of judicial construction of deeds is to ascertain the intention of the parties. This is to be determined and gathered from the instrument as a whole, giving effect to every word and rejecting none as meaningless or repugnant, if it can be done without violating any positive rule of law. (*Goin v. Eater* (1982), 107 Ill. App. 3d 887, 890, 438 N.E.2d 234, 236.) The deed speaks for itself, and its construction is dependent on the language used; it cannot be presumed that the words or terms in a conveyance were used without meaning or import; therefore, a construction will be adopted that gives effect to the instrument and to each word and term employed. *Pfeffer v. Lebanon Land Development Corp.* (1977), 46 Ill. App. 3d 186, 360 N.E.2d 1115.

The plaintiffs rely on *Pfeffer* for the distinction between an exception and a reservation. This court noted the well-accepted technical distinction in that case:

> "Although the terms 'exception' and 'reservation' have been used indiscriminately as if synonymous in import [citations], the terms have different technical meanings. An exception in a deed withholds from that deed's operation some part of the thing conveyed which, but for the exception, would pass by the general description to the grantee. A reservation, on the other hand, is the creation of some new right, in behalf of the grantor, issuing out of the thing granted and which did not exist before as an independent right." (46 Ill. App. 3d 186, 190, 360 N.E.2d 1115, 1118.)

Plaintiffs argue that this distinction limits the function of an exception in a deed to announcing a prior severance of an interest. They claim that an exception puts a grantee on notice that some interest has been previously severed from the property conveyed, while a reservation accomplishes a severance for the benefit of the grantor. They assert that an exception cannot function to sever an interest and that the only means to accomplish this end is by reservation.

■ Such an interpretation of the technical distinction in *Pfeffer* is absolutely contrary to the above-stated Illinois law. The primary purpose of the construction of a deed is to ascertain the intention of the parties if not in conflict with a rule of law. DeMattei's obvious intent was to retain an interest in the oil, gas and other minerals underlying

the property conveyed to plaintiffs' predecessor in title in addition to excepting the underlying coal which was previously conveyed. The technical distinction put forth by the plaintiffs ignores the parties' intentions. Plaintiffs have cited no Illinois cases which adopt such an approach.

Plaintiffs seem to argue that construing the word exception as synonymous with reservation would violate the legal distinction noted in *Pfeffer*, but the law of Illinois is contrary to this position. The terms "exception" and "reservation" have been used as if synonymous. The technical distinction of *Pfeffer* is useful for definitional purposes, but the common law rule is that the terms can be used interchangeably. (*Chicago Title & Trust Co. v. Illinois Merchants Trust Co.* (1928), 329 Ill. 334, 160 N.E. 597.) In *Chicago Title*, the Illinois supreme court explicitly held that "[a]n exception in a grant is a reservation." 329 Ill. 334, 349, 160 N.E. 597, 604.

This view was adopted in *Adkins v. Arsht* (E.D. Ill. 1943), 50 F. Supp. 761, which is similar to the instant situation. In *Adkins* a grantor conveyed property to a grantee "excepting all the coal, oil, gas and other minerals underlying same ***." Prior to this conveyance the grantor had conveyed the coal rights to a third party. Subsequent to the conveyance, the grantor and the grantee each attempted to lease the oil and gas to separate developers. The grantor's lessee brought suit to enjoin the grantee's lessee from drilling oil wells. The defendant argued that the grantor could only "except" from the deed the previously conveyed coal. The district court noted the technical distinction between the two words and stated:

> "Irrespective of their exact meanings, the words 'exception' and 'reservation' have been used indiscriminately as synonymous in meaning, and courts quite generally have held that the legal intent will be determined, not by the word used, but by the purport indicated in the entire grant. [Citations.] ***. Even if 'except' be given its strict technical meaning, it is obvious that it was used to retain the oil and gas interests in [the grantor] as well as to protect [the grantor] under the warranty as to the coal rights which had been previously conveyed. *** Obviously the oil and gas existed and were a portion of the entire fee, and it was entirely proper to retain them by excepting them from the grant." (50 F. Supp. 761, 764.)

Plaintiffs cite the *Pfeffer* distinction as if it controlled the instant situation. However, the technical distinction of *Pfeffer* does not apply here.

Plaintiffs proffer a novel argument that the ownership status of

oil and gas in Illinois and the *Pfeffer* distinction combine to demand strict interpretation of the terms "exception" and "reservation." Plaintiffs cite *Murbarger v. Franklin* (1960), 18 Ill. 2d 344, 163 N.E.2d 818, for the proposition that Illinois treats oil and gas as incapable of being owned as a distinct interest apart from the accompanying surface. They claim that the fugacious nature of oil and gas requires that the ownership thereof be created separately and distinctly by the grantor. This right, they claim, can only be created by a reservation. Here they note the technical distinction of *Pfeffer* and claim that the defendant failed to create the new right in the underlying oil and gas by failing explicitly to "reserve" that ownership.

Plaintiffs offer no authority employing the distinction in this manner. Indeed, the cases plaintiffs cite are hostile to such a technical distinction. (See *Updike v. Smith* (1942), 378 Ill. 600, 39 N.E.2d 325; *Miller v. Ridgley* (1954), 2 Ill. 2d 223, 117 N.E.2d 759; *Murbarger v. Franklin* (1960), 18 Ill. 2d 344, 163 N.E.2d 818.) Each of these cases deals with the conveyance of property and the question of whether the underlying oil and gas passes with the property. Throughout these cases, the Illinois supreme court noted no distinction between the terms "exception" and "reservation"; rather, the court employed the terms interchangeably. Nowhere in Illinois law does the technical distinction noted in *Pfeffer* demand strict compliance with the usage of the terms at issue. In *Miller v. Ridgley* (1954), 2 Ill. 2d 223, 225, 117 N.E.2d 759, a grantor conveyed certain land to a grantee with this proviso: " 'All oil rights reserved to the grantors and subject to existing oil leases.' " The court held that "it is clear that what is meant is that the grantors sought to except from their warranty the oil-and-gas rights under the existing lease and in addition all other rights in and to the oil." (2 Ill. 2d 223, 230, 117 N.E.2d 759, 762-63.) The court failed to find any distinction between the terms and held that the obvious intention of the parties should control.

This accords with the general view expressed by Professor Summers in 1A W. Summers, Oil & Gas sec. 137, at 305-06 (2d ed. 1954):

> "[T]he courts have generally held in oil and gas cases that a reservation or exception of oil and gas *creates* a separate legal interest by way of *exception*. This can be supported on the theory that it is the intention of the grantor to retain all of his legal interest in respect to the oil and gas." (Emphasis added.)

To require DeMattei to comport literally with the technical distinction between reservation and exception would contravene the intention of the parties as it is clearly stated in the deed. The deed is not ambiguous; should we employ plaintiffs' distinction we would render nuga-

tory the words "excepting the *** oil, gas and other minerals" found in the conveyance. Such a reading is absolutely contrary to Illinois law.

Plaintiffs further allege error in defendant DeMattei's failure to specify whether his motion to dismiss came under section 2—615 or section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, pars. 2—615, 2—619), and in defendant's failure to support their separate motion to dismiss by affidavit.

DeMattei's failure to specify the appropriate section in the Code is inconsequential to the case's outcome. His motion to dismiss was essentially the same as Vaughan's, and Vaughan's motion was clearly predicated on section 2—619. The plaintiffs could not have been surprised by the substance of the motion. Plaintiffs were not prejudiced by DeMattei's failure to specify. Furthermore, the defect was not raised in the court below, and this court should not consider it now. *Melvin v. City of West Frankfort* (1981), 93 Ill. App. 3d 425, 433, 417 N.E.2d 260, 265.

Plaintiffs claim that the defendants failed to provide by affidavit a sufficient evidentiary basis upon which the claim could be dismissed. This requirement is not necessary if the grounds for the dismissal appear on the face of the pleading. (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a); *Kessler, Merci & Lochner, Inc. v. Pioneer Bank & Trust Co.* (1981), 101 Ill. App. 3d 502, 508, 428 N.E.2d 608, 613.) The substantive issue raised by the plaintiffs is solely a question of law, and it appears both on the face of the pleading and on the documents filed by defendant Vaughan with its motion to dismiss.

The judgment of the circuit court of Franklin County is affirmed.

Affirmed.

WELCH, P.J., and KASSERMAN, J., concur.