THE PEOPLE *ex rel.* John R. Thompson, County Treasurer, Appellee, *vs.* R. C. HARPER *et al.* Appellants.

*Opinion filed February 16, 1910.*

1. TAXES—*what objection is not a jurisdictional one.* An objection that the description of the improvement given in the publication notice and the judgment sale and redemption record varies from the description given in the ordinance for the improvement, in that the former specify a curbing of wooden blocks while the latter specifies limestone, is not a jurisdictional objection to be raised by special appearance, but is an objection going to merits.

2. SAME—*the publication notice and delinquent list need not describe improvement.* It is not necessary that the publication notice and delinquent list shall set out a description of the improvement for which the assessment was levied, and if a description is given which varies from that given in the ordinance, such description may be stricken out as surplusage.

3. SAME—*a publication notice gives jurisdiction of person of land owner.* A publication notice in a proceeding by the collector for judgment and order of sale for a delinquent special assessment gives the court jurisdiction of the person of the owner of the land described, even though the attempted description of the improvement for which the assessment was levied is incorrect, there being no claim that the improvement attempted to be described is not the improvement for which assessment was levied.

APPEAL from the County Court of Cook county; the Hon. LEWIS RINAKER, Judge, presiding.

GEORGE W. WILBUR, and SHERMAN C. SPITZER, for appellants.

GEORGE A. MASON, and EUGENE H. DUPEE, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an application by the appellee for judgment and order of sale as to property of the appellants by reason of the alleged non-payment of a special assessment for

paving Diversey street from Milwaukee avenue to Craw-
ford (now Fortieth) avenue. The appellants filed an ap-
pearance, which they insist was special, for the purpose of
questioning the jurisdiction of the court, asking that the
cause be dismissed because the improvement described in
the publication notice and delinquent list was a different
improvement from that described in the ordinance upon
which the assessment was based. After a hearing in the
county court the objections were overruled and judgment
entered. This appeal followed.

The publication notice and the judgment, sale and re-
demption record specify an assessment "for curbing, (with
wooden blocks,) filling and paving Diversey street," etc.
On the hearing appellants introduced the original ordi-
nance, which provided, among other things, that the street
should be "curbed with best quality of limestone curb-
stones," etc. It is insisted by appellants that there is a vari-
ance as to the curbing between the said ordinance and the
publication notice and delinquent list. It is argued that
this variance must be raised by a special appearance ques-
tioning the jurisdiction of the court. We cannot so hold.
Jurisdiction is authority to hear and decide a case. *People
v. Talmadge,* 194 Ill. 67; *People* v. *Superior Court,* 234
id. 186.

Counsel for appellants argue that this variance defeats
the jurisdiction of the court as to the persons of appellants.
Jurisdiction of the person is generally understood to mean
the authority, obtained by the service of a summons or by
other proper notice, or by an appearance, to render a per-
sonal judgment. (17 Am. & Eng. Ency. of Law,—2d ed.—
p. 1063; 4 Words and Phrases, p. 3885, and cases cited.)
On a hearing of this character "the delinquent list stands
as a declaration and the notice as process, and they must
agree." (*Smythe* v. *People,* 219 Ill. 76; *Wiggins Ferry
Co.* v. *People,* 101 id. 446.) As we have seen, the notice
and delinquent list contain the same description as to the

curbing. It is not claimed that there is any variance between them. The notice gave the court jurisdiction of the persons of appellants. To decide the question raised by the objections required the court to hear and decide whether the improvement advertised was that provided for in the ordinance. The court could only decide this question upon the theory that it had jurisdiction of the persons. *Nicholes* v. *People,* 165 Ill. 502; *Ladies of Maccabees* v. *Harrington, 227* id. 511.

There is no basis for an argument that the court did not have jurisdiction of the subject matter,—that is, the power to hear and determine cases of the general class to which the proceedings in question belong. (*Bostwick* v. *Skinner,* 80 Ill. 147; *Figge* v. *Rowlen,* 185 id. 234; 11 Cyc. 669, and cases cited; 4 Words and Phrases, 3886, and cases cited.) The jurisdiction of the trial court clearly extended over the class of cases to which this proceeding belongs.

The objections did not raise a jurisdictional question but one that clearly went to the merits. The statutory requirements as to the publication notice and delinquent list must be strictly complied with. (*Gage* v. *People,* 188 Ill. 92; *Smythe* v. *People, supra.*) Our attention has not been called, however, to any provision of the statute or decisions of this court which require a description of the improvement to be set out in said notice or delinquent list. On the contrary, sections 182 and 188 of the Revenue act and section 67 of the Local Improvement act, which pertain to this subject, contain no such provision. This court has held that the law does not require such description to be set out in those documents, (*People* v. *Prust,* 219 Ill. 116,) hence that part of the publication notice and delinquent list which attempts to describe the improvement can be stricken out as surplusage, leaving not even a technical variance between said notice and delinquent list and the original ordinance. Then, too, the alleged error did not in any way affect the

substantial justice of the tax, nor was it calculated to mislead. While the notice and delinquent list were not formally and technically correct, the object and intent of the law were substantially attained thereby, and no advantage, therefore, can be taken of the inaccuracies complained of. (*Gage* v. *People*, 223 Ill. 410.) Of course, had the improvement provided for in the ordinance been a different one from that advertised, the objection could properly be raised on application for judgment of sale. (*City of Chicago* v. *Nodeck*, 202 Ill. 257, and cases cited.) It is not claimed that the special assessment advertised is not actually the same improvement provided for in the ordinance. The objections were properly overruled.

The judgment of the county court will be affirmed.

*Judgment affirmed.*