*In re* MARRIAGE OF FAYE M. HOSTETLER, a/k/a Coultas, Petitioner-Appellee, and STEPHEN S. HOSTETLER, Respondent-Appellant.

First District (5th Division)   No. 83—251

Opinion filed May 4, 1984.

Edmond Ralph Anderson, Jr., of Laguna Hills, California, for appellant.

Faye M. Coultas, of Curran & Coultas, of Osage Beach, Missouri, for appellee.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Respondent, Stephen S. Hostetler, appeals from an order of the circuit court of Cook County which entered declaratory judgment that two of its prior orders were valid and worthy of full faith and credit, and based thereon, entered judgment in favor of petitioner for child support arrearages in the amount of $9,138.53. Respondent's principal contention on appeal is that the previous orders were entered without personal jurisdiction over respondent and are therefore void. For the reasons which follow, we reverse the order from which the appeal has been taken.

The facts are relatively uncomplicated. On November 24, 1965, the parties' marriage was dissolved by the circuit court of McLean County, Illinois. Respondent admits that the McLean County court had acquired personal jurisdiction over him at the time of the divorce decree and that he complied with its provisions for child support. On September 5, 1969, petitioner filed in the circuit court of Cook County as her initial pleading a petition for modification of the divorce decree entered in McLean County. This petition was stamped "Foreign Decree" although the allegations and the attached certified copy indicated that the original decree of divorce was entered in McLean County, Illinois. On November 12, 1969, notice of the hearing on this petition was sent to respondent at his California residence. Pursuant thereto, an order was entered on November 20, 1969, purporting to modify the decree of divorce entered in McLean County by increasing child support payments to $150 per month and ordering respondent to pay petitioner's attorney fees of $250. On February 7, 1972, petitioner filed in the circuit court of Cook County a "Petition to Convert Arrearages of Attorney Fees and Child Support into Money Judgment and That Execution Issue." Respondent was served notice of this petition by return receipt mail addressed to his California residence. The circuit court entered judgment in favor of petitioner in the amount of $1,810 and awarded her attorney fees of $100 on February 11, 1972. No summons was served on respondent in connection with either the 1969 or the 1972 petitions. On October 3, 1979, respondent filed a motion in the circuit court of Cook County seeking to vacate the 1969 and 1972 orders rendered by that court. The motion alleged that the

court lacked jurisdiction and that the circuit court of McLean County had continuing exclusive jurisdiction over the subject matter. The record does not reflect a disposition of this motion. On July 24, 1981, petitioner filed a petition for declaratory judgment and for judgment on arrearages in support. The petition sought a declaration that the orders of November 20, 1969, and February 11, 1972, were valid and entitled to full faith and credit. On December 29, 1982, after hearing arguments of counsel, the circuit court entered an order finding the child support arrearage to be $9,138.53 and further finding that the 1969 and 1972 orders were valid and worthy of full faith and credit. Respondent has appealed from that order.

OPINION

Respondent contends that the circuit court erred in finding that the two prior orders were valid and in entering judgment on the arrearages which had accrued based on those orders. He argues that the 1969 and 1972 orders were entered without either personal or subject matter jurisdiction and that the orders are therefore void.

It appears from the record that respondent was never served with a summons for any of the proceedings in the circuit court of Cook County. "Jurisdiction over a person cannot be had by serving him with a notice; a court acquires jurisdiction over a person only after proper service of summons. [Citation.] There is, of course, an exception to this rule where the defendant or respondent voluntarily appears or is permitted to intervene." (*Augsburg v. Frank's Car Wash, Inc.* (1982), 103 Ill. App. 3d 329, 333, 431 N.E.2d 58; see also *Knightsbridge Realty Partners, Ltd.-75 v. Rudolph* (1982), 106 Ill. App. 3d 354, 357, 435 N.E.2d 1223.) In the instant case, respondent did not appear or intervene prior to the entry of either the 1969 or 1972 orders. Thus the circuit court could only have acquired jurisdiction over him by service of summons. (*Augsburg v. Frank's Car Wash, Inc.* (1982), 103 Ill. App. 3d 329, 333; see also *In re Marriage of Schuham* (1983), 120 Ill. App. 3d 339, 458 N.E.2d 559; Ill. Rev. Stat. 1969, ch. 110, par. 17(2) (requiring service of summons for exercise of "long arm" jurisdiction).) This was not done and the circuit court of Cook County therefore did not acquire personal jurisdiction over defendant. We note that had petitioner elected to proceed in the circuit court of McLean County, which respondent admits had jurisdiction over him pursuant to his appearance, mere notice would have been sufficient to bind respondent personally. *McClellan v. McClellan* (1970), 125 Ill. App. 2d 477, 485, 261 N.E.2d 216.

Petitioner argues that because respondent submitted to the juris-

diction of the McLean County circuit court he was properly subject to the authority of the circuit court of Cook County pursuant to a transfer of proceedings from the former to the latter court. Respondent replies that none of the procedures employed by petitioner effected a "transfer" of jurisdiction to the circuit court of Cook County. Petitioner did not seek an order to transfer the cause from the circuit court of McLean County and no such order was entered. Nor did petitioner comply with the procedure for enforcing a divorce decree entered in another county. That procedure, described in *Fuhrer v. Fuhrer* (1968), 91 Ill. App. 2d 358, 361-62, 235 N.E.2d 389, and rendered obsolete in cases such as that *sub judice* by the adoption of section 512(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 512(a)), contemplates service of summons upon the respondent. We conclude that there was no "transfer" of the McLean County action to Cook County and that the latter court therefore lacked personal jurisdiction over the defendant.

Petitioner's remaining arguments pertain to the concept of subject matter jurisdiction, particularly the doctrine of continuing jurisdiction in decretal courts. (See generally *Sommer v. Borovic* (1977), 69 Ill. 2d 220, 370 N.E.2d 1028.) As has been pointed out by the courts of this State, subject matter jurisdiction is derived by the circuit courts from article VI of the Illinois constitution and is the power of the court to hear and determine causes of the general class to which the particular cause belongs. (*Knightsbridge Realty Partners, Ltd.-75 v. Rudolph* (1982), 106 Ill. App. 3d 354, 357, 435 N.E.2d 1223.) Personal jurisdiction, in contrast, is not conferred in any particular case by a constitutional grant but rather by the service of summons or by a general appearance (106 Ill. App. 3d 354, 357), and is derived from the actions of the person sought to be bound (see *Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 437, 427 N.E.2d 1203). Without personal jurisdiction a court, although vested with subject matter jurisdiction, is without power to impose personal obligations such as the payment of money. (*In re Marriage of Schuham* (1983), 120 Ill. App. 3d 339, 343, 458 N.E.2d 559.) Our conclusion that the circuit court of Cook County lacked personal jurisdiction to enter the 1969 and 1972 orders renders a discussion of continuing subject matter jurisdiction superfluous. (*Augsburg v. Frank's Car Wash, Inc.* (1982), 103 Ill. App. 3d 329, 334, 431 N.E.2d 58.) For the same reason we need not consider respondent's due process argument. Accordingly, we hold that the orders of November 20, 1969, and February 11, 1972, were void and the trial court in the order appealed from erred in concluding otherwise.

For the foregoing reasons, the judgment of the circuit court is reversed.

Reversed.

LORENZ and SULLIVAN, JJ., concur.