JOHN W. HOUGH, Plaintiff-Appellee and Defendant-Appellee, v. ROBERT
P. HOWINGTON, JR., Defendant-Appellant and Plaintiff-Appellant.

First District (4th Division)   No. 1—92—0994

Opinion filed September 9, 1993.

Robert P. Howington, of Berrien Springs, Michigan, appellant *pro se*.

John W. Hough, of Chicago, appellee *pro se*.

JUSTICE HOFFMAN delivered the opinion of the court:

Appellee, John Hough, filed a declaratory judgment action against appellant, Robert Howington, to resolve matters left unsettled from a prior arbitration to which they submitted following the breakup of their law practice. Hough then filed an arbitration action against Howington which also involved unresolved partnership matters. The arbitrator entered an award in Hough's favor and Hough obtained confirmation of the award in the circuit court. Meanwhile, Howington filed a separate action under section 12 of the Uniform Arbitration Act (Act) (Ill. Rev. Stat. 1989, ch. 10, par. 112), seeking to have the award vacated. After consolidating the section 12 action with the original action, which by this point had been dismissed and reinstated as a second amended complaint for accounting and other relief, the circuit court dismissed the section 12 action as untimely, confirmed

the arbitrator's award, and granted a motion by Hough to voluntarily dismiss his three-count second amended complaint. Howington then filed the instant appeal, raising as issues whether (1) the trial court erred in dismissing as untimely Howington's application to vacate the arbitration award; (2) the trial court erred in determining that Hough's motion to confirm the arbitration award was properly served upon Howington; (3) the court erred in allowing Hough to voluntarily dismiss his second amended complaint rather than granting Howington's motion to dismiss it with prejudice; and (4) sanctions should be imposed upon Hough for his allegedly untruthful statements to this court in a prior appeal.

The events giving rise to this appeal began with the dissolution of the legal partnership of Hough, Howington, Jack Osswald, and a fourth individual. Pursuant to a provision in the partnership agreement, Osswald initiated an arbitration action against Hough and Howington to resolve certain matters pertaining to the winding up of partnership affairs. The arbitrator ruled in relevant part that Hough and Howington were jointly liable to Osswald in the amount of $57,524.18. He also ordered that Hough and Howington jointly bear 20% of the fees and costs for the arbitration. The award was later confirmed by the circuit court.

On April 3, 1989, Hough filed a declaratory judgment action (Hough v. Howington (Cir. Ct. Cook County 1989), No. 89—CH—02653), seeking a determination of how the Osswald award should be apportioned between him and Howington and asserting that Howington should be held responsible for the entire amount.

Several weeks later, Hough filed a demand for arbitration with the American Arbitration Association (AAA), which also sought, among other things, apportionment of the Osswald award. Howington filed a motion in the trial court to stay this action under section 2 of the Act (Ill. Rev. Stat. 1989, ch. 10, par. 102), on the basis that all arbitrable issues under the partnership agreement had been resolved by the initial arbitration.

Hough was then given leave to file an amended complaint for declaratory relief. The new claims against Howington in this complaint included: (1) that he was indebted to Hough in the amount of $945 for Howington's share of the fees and costs from the Osswald arbitration; and (2) that he owed Hough in excess of $463 for expenses from the parties' move out of the partnership office (hereinafter moving expenses).

On June 27, 1989, following a hearing, the trial court denied the motion to stay arbitration and ordered Howington to submit to the ar-

bitration "of all issues as raised by Hough" and as set forth in the amended complaint. The court dismissed the amended complaint without prejudice. Howington appealed from this order, but the appeal was dismissed by this court on motion by Hough (Hough v. Howington (1st Dist. 1989), No. 1—89—2036). In his motion to dismiss the appeal, Hough stated to this court that if the appeal were dismissed he would return to the trial court, seek vacatur of the order of June 27, 1989, and reinstate the entire action for resolution in the trial court.

Hough moved to reinstate the action and for leave to file a second amended complaint. A hearing was held and the trial court granted the motion. Howington then moved for reconsideration of this ruling. He alleged that the order of June 27, 1989, which mandated that all matters be resolved by arbitration, operated to bar as *res judicata* any reinstatement of Hough's claim in the circuit court. The motion to reconsider was fully briefed and a hearing was held, and on June 20, 1990, the court entered an order (1) reinstating the case and granting Hough leave to file his amended complaint, and (2) holding the matter in abeyance pending resolution of arbitration.

On April 10, 1991, the arbitrator issued an award ordering Howington to pay Hough $17,968.49. The arbitrator expressly declined to decide the matters of the Osswald arbitration costs and the moving expenses, finding they had been "reserved by the parties." The award was filed with the AAA May 6, 1991.

On May 23, 1991, Howington filed an application with the AAA pursuant to section 9 of the Act (Ill. Rev. Stat. 1989, ch. 10, par. 109), seeking modification and clarification of the award of April 10, 1991. Specifically, Howington disapproved of the provision in the award that the claims had been "expressly reserved by the parties," arguing again that the court's order of June 27, 1989, had rendered any claims not resolved in arbitration barred by the doctrine of *res judicata*. The arbitrator denied the modification request, effective July 11, 1991.

On August 8, 1991, Hough renewed his request for reinstatement of his second amended complaint and also applied for confirmation of the arbitration award. On August 12, 1991, the circuit court entered an order granting Hough's motion to reinstate the amended complaint "for accounting and other relief." Count III of the second amended complaint consisted of Hough's demand for reimbursement for the Osswald arbitration costs and for the moving expenses.

On September 6, 1991, Howington filed a motion to dismiss the second amended complaint with prejudice under section 2—619 of the

Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). He argued that all issues in the complaint had merged into the arbitrator's award of April 10, 1991, and were thus barred.

On October 9, 1991, Howington filed a new action under section 12 of the Act (Howington v. Hough (Cir. Ct. Cook County 1991), No. 91—CH—9579). Summons issued on October 9, 1991, but service was not effectuated upon Hough until October 16. The complaint alleged that the arbitrator had found certain issues to have been reserved by the parties when they had never been so reserved and when the trial court had ordered that all matters proceed to arbitration; thus, the arbitrator had worked a fraud on Howington and the trial court, had exceeded his powers, and was guilty of gross mistakes of law. Hough later moved to dismiss this action as untimely.

On October 15, 1991, a hearing was held on Hough's motion to confirm the award. The court stated that it would confirm the arbitrator's award because time had run out for Howington to obtain any type of post-award relief. Regarding the second amended complaint, the court commented that if Hough's claim did belong in court, it belonged in small claims. That same day, the court entered an order confirming the arbitrator's award and entering judgment thereon.

Howington subsequently filed a motion to reconsider and vacate the order and judgment of October 15, 1991. A hearing was held and Howington again argued the complaint was barred by *res judicata*. On February 25, 1992, the court entered an order consolidating cases 89—CH—2653 and 91—CH—9579, and rendering the following disposition: (1) denying Howington's motion to reconsider and vacate; (2) denying and dismissing Howington's section 12 application as untimely; (3) confirming the arbitrator's award; and (4) granting a motion by Hough *instanter* to dismiss with prejudice counts I and II and to dismiss without prejudice count III of the second amended complaint. On March 25, 1992, Howington filed the instant appeal from the orders of October 16, 1991 and February 25, 1992.

On appeal, Howington first argues that the court erred in dismissing his section 12 action as untimely.

■ Section 12 of the Act permits a party to an arbitration to petition the circuit court to vacate the arbitrator's award, as long as the petition is filed within 90 days after delivery of a copy of the award to the petitioner; if the petition is based upon fraud, it must be filed 90 days from the date the fraud was known or should have been known. (Ill. Rev. Stat. 1989, ch. 10, par. 112(b).) The mere filing of a petition to confirm the award in the circuit court by the opposing party does not extend the 90-day period within which a request for vacatur must

be presented; thus, if grounds to vacate are raised in response to a petition to confirm, they are timely only if asserted within the 90-day period. See *Konicki v. Oak Brook Racquet Club, Inc.* (1982), 110 Ill. App. 3d 217, 220, 441 N.E.2d 1333; *Bloom v. Landy* (1979), 72 Ill. App. 3d 383, 389 N.E.2d 1286.

Howington admits that the award of April 10, 1991, was delivered to him by May 6, 1991, and that he did not file his section 12 action until October 9, 1991, well beyond the 90-day period. However, he maintains that his application to modify the award under section 9 of the Act, filed with AAA on May 23, 1991, tolled the 90-day period under section 12 until after the section 9 petition was resolved by AAA. We agree.

■ This precise issue was decided as a matter of first impression in Illinois in the case of *Konicki v. Oak Brook Racquet Club* (110 Ill. App. 3d 217, 441 N.E.2d 1333). The court in that case ruled that the timely filing of a section 9 application before an arbitrator tolls the time for requesting review in the circuit court pursuant to sections 12 and 13 until the section 9 application is finally disposed of by the arbitrator. (*Konicki*, 110 Ill. App. 3d at 222.) Thus, the party is allowed 90 days from delivery of the disposition under section 9 to request vacatur of the award in the circuit court, regardless of whether the requested modification was granted or denied. (*Konicki*, 110 Ill. App. 3d at 222.) The *Konicki* court observed that the language of section 9 appeared to render a modified award subject to the provisions of section 12 in the same manner as an original award. The court further found that were the limitations period not extended, anomalous results would occur because a party could effectively lose his right of judicial review if the arbitrators failed to resolve the section 9 application within the 90-day period. We believe this rationale is sound and in keeping with the policy of allowing one tribunal the opportunity to correct its own errors prior to placing the matter before a reviewing tribunal. See *Konicki*, 110 Ill. App. 3d at 221-22.

In the case at bar, there is no dispute that Howington's petition to modify the award was timely under section 9. The arbitrator's decision denying the requested modification was delivered to Howington on July 11, 1991. Howington's section 12 application was filed October 9, 1991, exactly 90 days later. Although service was not effectuated on Hough until October 16, 1991, it was the filing of the complaint that was relevant for limitations purposes. (See *Peoples Gas Light & Coke Co. v. Austin* (1986), 147 Ill. App. 3d 26, 35, 497 N.E.2d 790.) Accordingly, the court's dismissal of the section 12 complaint as untimely must be reversed.

In his brief on appeal, Hough sets forth two additional grounds for dismissal of the section 12 complaint. First, he maintains Howington's section 9 petition did not come within the purview of that section because it attempted to challenge the merits of the award rather than its form. Second, he asserts that the section 12 application failed to plead fraud with specificity. Hough failed to raise the latter argument in his motion to dismiss the section 12 complaint and did not raise the former argument at all prior to his brief on appeal. Both issues are therefore waived and will not be considered. See *Kropp Forge Co. v. Industrial Comm'n* (1992), 225 Ill. App. 3d 244, 252-53, 587 N.E.2d 1095.

Howington next argues that Hough's application to confirm the award was not served properly under section 15 of the Act.

Section 15 provides:

"Except as otherwise provided, an application to the court under this Act shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions in civil cases. Unless the parties have agreed otherwise, notice of an initial application for an order shall be served in the manner provided by law for the service of summons in civil cases." (Ill. Rev. Stat. 1989, ch. 10, par. 115.)

Howington alleges that the application was improperly served upon him by mail instead of by summons as required above.

Jurisdiction over a person in a new action can be obtained only through proper service of summons as required by statute, except where a person generally appears or is permitted to intervene. (*State Bank v. Thill* (1986), 113 Ill. 2d 294, 308, 497 N.E.2d 1156, citing with approval *In re Marriage of Hostetler* (1984), 124 Ill. App. 3d 31, 33, 463 N.E.2d 955.) Where jurisdiction has already been obtained as manifested by a general appearance, mere notice of a proceeding is sufficient. See *Marriage of Hostetler*, 124 Ill. App. 3d at 33.

Hough's motion for confirmation of the arbitrator's award was filed in the course of No. 89—CH—2653, the original declaratory judgment action. The record indicates that Howington was personally served with summons in this action on April 21, 1989, and entered his general appearance about May 23, 1989. Howington was informed of the motion to confirm the award by notice of motion, served by mail on August 9, 1991. Howington has cited no authority for his proposition that reservice was necessary within the same action. The language of section 15 mandating service by summons clearly pertains to *initial* applications. His argument thus lacks merit.

■ Howington next argues that Hough's second amended complaint should have been dismissed with prejudice because the issues it raised were identical to those in the amended demand for arbitration, and thus were barred under the doctrine of *res judicata* by reason of the arbitrator's award of April 10, 1991.

As indicated above, the trial court's order of February 25, 1992, dismissed counts I and II of the second amended complaint with prejudice. Thus, defendant's contention that they were barred by *res judicata* is moot.

Count III of the amended complaint, which consisted of Hough's demand for reimbursement for the moving expenses and the costs from the Osswald arbitration, was dismissed on Hough's own motion without prejudice. Initially, we note that because there is no longer any complaint pending, Howington's argument that it is barred by *res judicata* is premature.

The dismissal of count III amounted to a voluntary nonsuit under Code of Civil Procedure section 2—1009. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1009.) It appears that at the time the court allowed this dismissal, Howington's section 2—619 motion to dismiss the second amended complaint under the doctrine of *res judicata* was also pending before the court. We may thus review whether the trial court erred in allowing the voluntary dismissal before considering the section 2—619 motion.

It was formerly held that a plaintiff had an absolute right to voluntarily dismiss his complaint without prejudice prior to trial, upon proper notice and payment of costs. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1009; *Vaughn v. Northwestern Memorial Hospital* (1991), 210 Ill. App. 3d 253, 569 N.E.2d 77; *Russ v. Gandhy* (1986), 149 Ill. App. 3d 660, 500 N.E.2d 1032.) However, in *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 535 N.E.2d 858, this right became somewhat limited. There, the supreme court sought to rectify widespread misuse of the voluntary dismissal procedure under which plaintiffs, in the face of a potentially dispositive defense motion, were attempting to avoid the motion by voluntarily dismissing their case before the motion was decided. The court ruled that where a potentially dispositive motion has been filed prior to a motion to voluntarily dismiss under section 2—1009, a trial court may hear and decide the potentially dispositive motion before considering the voluntary dismissal. (*Gibellina*, 127 Ill. 2d at 137-38.) The court has interpreted *Gibellina* as allowing the trial court discretion over whether or not to consider the defense motion before the voluntary dismissal. (*Bochantin v. Petroff* (1991), 145 Ill. 2d

1, 582 N.E.2d 114.) A reviewing court need only determine whether such discretion was abused. *Bochantin,* 145 Ill. 2d at 7.

There was no abuse of discretion in the case at bar. The record indicates that Hough's voluntary dismissal was not sought for dilatory or otherwise questionable purposes, but to enable him to refile the substance of count III in small claims court, as the demand totalled under $1,400. Additionally, as the trial court observed, Howington may have the opportunity to raise his *res judicata* argument in the event the complaint is refiled.

■ Howington last asserts that "severe sanctions should be imposed" upon Hough for his misrepresentations to this court during appeal No. 1—89—2036, which was dismissed by this court November 2, 1989. Specifically, Howington refers to Hough's statement that, upon dismissal of the appeal, he would dismiss his demand for arbitration and reinstate the entire matter for resolution in the circuit court. Hough responds that in his subsequent motion to reinstate on June 20, 1990, he was completely candid with the court about these representations.

Howington cites no authority for imposing the sanctions he seeks. There is no evidence in the record that Hough intended to deceive this court in making this representation; in fact, his subsequent efforts to reinstate the circuit court action were met with strenuous resistance from Howington. In any event, Howington failed to raise this argument before the trial court and hence has waived it. He proceeded with the arbitration, and from what is discernible from the record, never raised this objection before the arbitrator. Accordingly, his argument is without merit.

For the foregoing reasons, the portion of the circuit court's judgment dismissing Howington's section 12 action and confirming the arbitrator's award is reversed and the cause remanded for a hearing on the merits. The remainder of the order is affirmed and the motion for sanctions is denied.

Affirmed in part, reversed in part and remanded.

JIGANTI,* P.J., and JOHNSON, J., concur.

---

*Presiding Justice Jiganti participated in the disposition of this case prior to his retirement.