THIRD DIVISION
JUNE 21, 2006

1-04-3775

| | | |
|---|---|---|
| *In re* MARRIAGE OF COLLEEN P. SEFFREN, n/k/a Colleen P. Foley, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Petitioner-Appellee, | ) ) | |
| and | ) ) | |
| RANDAL SEFFREN, | ) ) | No. 96 D 18482 |
| Respondent-Appellee | ) | |
| (Keane Taylor, | ) ) | Honorable Barbara A. Riley, |
| Third-Party Respondent-Appellant). | ) | Judge Presiding. |

JUSTICE ERICKSON delivered the opinion of the court:

The marriage between petitioner Colleen Seffren, now known as Colleen Foley, and respondent Randal Seffren was dissolved in 1997. Respondent thereafter filed several postdecree motions in which he sought to suspend petitioner's visits with the parties' children, to add petitioner's live-in boyfriend, Keane Taylor, as a third-party respondent, and to enjoin Taylor from having any contact with the parties' children or from residing in petitioner's home. The circuit court granted respondent's motion to add Taylor as a third party and entered a permanent injunction. On appeal, Taylor argues: (1) the circuit court lacked jurisdiction to add him as a third-party respondent; (2) Cook County was not the proper venue; (3) the circuit court lacked authority to enter a permanent injunction without

holding an evidentiary hearing; and (4) the circuit court erred in denying his motion to reconsider.

BACKGROUND

On December 29, 1997, the circuit court of Cook County entered a judgment dissolving the marriage between petitioner and respondent. Incorporated into that judgment was a joint parenting agreement establishing that the parties' two children, a daughter born in 1991 and a son born in 1993, would reside with each parent on alternating weeks (the alternating weekly parenting schedule).

Petitioner began dating Taylor around the time of dissolution, and at some point, Taylor moved into petitioner's home located in Deerfield, Lake County. Taylor and petitioner are not married and it is not disputed that Taylor has no interest in petitioner's home.

On May 25, 2004, respondent filed in the circuit court of Cook County an emergency petition to suspend petitioner's visitation or parenting time, alleging that visitation with petitioner while she resided with Taylor seriously endangered the physical, mental, moral or emotional health of the children and that the children were afraid of Taylor. Respondent alleged petitioner had represented that Taylor would be moving out of her home. He also alleged that Taylor had gained access to petitioner's house by breaking a window when the daughter was present after petitioner had tried to keep him out. Attached to the petition were reports from the children's psychiatrist, Dr. Levin, outlining the negative effects, including depression and anxiety, the children experienced due to Taylor's presence in

petitioner's home. Dr. Levin also reported that the daughter desired to injure herself and had suicidal thoughts. He recommended that any contact between the children and Taylor discontinue immediately. The petition was also supported by respondent's affidavit.

On that same date, the circuit court entered an order terminating the alternating weekly parenting schedule and ordering that the children reside with respondent until such time as Taylor has permanently vacated petitioner's home and that petitioner take all action to ensure that Taylor have no contact with the children. The court allowed petitioner reasonable visitation away from Taylor and her home and continued the matter to May 28, 2004.

On May 28, 2004, the court entered an order substantially similar to the one entered on May 25 after petitioner failed to appear in court and set the matter for a status hearing on June 29.

On June 23, 2004, respondent filed a motion to add Taylor as a third-party respondent.[1] Respondent alleged that petitioner "flagrantly disregarded" the court's previous orders on several occasions and stated "[i]t is imperative that this court have jurisdiction over [Taylor] in order to enjoin him from various destructive and dangerous activities." Notice of that motion was sent to petitioner and the matter was set for June 29. On that date, Cook County Circuit Court Judge Barbara Riley entered an order adding

---

[1]Respondent had filed a motion to add Taylor to the initial dissolution proceedings. That motion, however, was stricken upon petitioner's motion.

Taylor as a third-party respondent and ordering that the alternating weekly parenting schedule cease. Petitioner was allowed reasonable visitation.

Respondent, on July 7, 2004, filed a petition pursuant to sections 11-101 and 11-102 of the Code of Civil Procedure (735 ILCS 5/11-101, 11-102 (West 2004)) and section 501 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/501 (West 2004)) seeking injunctive relief against Taylor. Respondent alleged facts similar to those previously stated and added that Taylor had threatened respondent and, despite the court's previous orders, continued to be present at petitioner's home. Respondent sought a temporary restraining order (TRO) without notice or bond and a preliminary injunction enjoining and restraining Taylor from all contact with the children, from residing at petitioner's home, from having a key to petitioner's home, and from having any contact with respondent or his wife. Cook County Circuit Court Judge Melvin Cole entered the TRO, which was set to expire on July 14, the date of the hearing on the preliminary injunction.

Taylor was served with summons, the petition for an injunction, and the TRO on July 8, 2004, at an apartment building in Highland Park. Counsel for Taylor then entered a special and limited appearance on July 13. On July 14, the parties entered an agreed order continuing the TRO and the hearing on the preliminary injunction until July 16. In that order, Taylor's attorney indicated he was unavailable to appear in court and was seeking a continuance "without waiving objection to venue and jurisdiction." The following day, Taylor's attorney filed a "Motion to Dismiss Keane Taylor as a Third Party for Lack of Jurisdiction." Taylor argued in that motion that "the court did not have jurisdiction over him"

4

because he was a resident of Highland Park in Lake County and because the actions complained of in respondent's petition for injunctive relief occurred in Lake County. He also argued that he was not subject to the Act because he was not party to the Seffrens' original dissolution action. The only statutory provision Taylor relied on in the motion was the general venue provision of the Code of Civil Procedure (735 ILCS 5/2-101 (West 2004)). That motion was noticed for July 16.

In the meantime, on July 9, 2004, Cook County Circuit Court Judge Raymond Figueroa entered an agreed order resuming the alternating weekly parenting schedule. The order also stated that petitioner "shall take all action, including all legal remedies necessary to ensure that [Taylor] has no contact with the minor children *** including face-to-face interaction at home or away from home, phone calls, phone messages, letters, emails [sic] messages and the like," and that if Taylor had contact with the children, whether or not invited by petitioner, the alternating weekly parenting schedule would cease and the children would reside with respondent until such time as it could be assured that the children would have no contact with Taylor. A copy of that order was sent to petitioner and Taylor.

When the parties appeared in court on July 16, 2004, the TRO entered on July 7 was set to expire. However, because there had not yet been a hearing on respondent's petition for an injunction, Judge Figueroa entered an order sua sponte, and over the objection of Taylor's attorney, stating that it was in the best interest of the children that they have no contact with Taylor and ordering Taylor to stay 100 yards away from them at all

times. The order also set Taylor's motion to dismiss for hearing on August 25 and "entered and continued" respondent's petition for an injunction to that date for status.

On July 30, 2004, respondent filed a second petition to suspend petitioner's visitation or parenting time, alleging that on July 26 or 27, Taylor had been at petitioner's home and had erased incoming and outgoing messages from the daughter's private answering machine, and that despite her intentions to the contrary, petitioner had no ability to ensure compliance with the court's orders prohibiting contact. Notice of the petition was sent to counsel for petitioner and Taylor and the matter was set for August 11.

On August 11, 2004, the parties appeared before Judge Riley and entered an agreed order continuing respondent's second petition to suspend visitation for "status/hearing" until August 25, the date the court would hear Taylor's motion to dismiss. Also set for August 25 was a subsequent petition respondent had filed for a rule to show cause[2] and, as indicated above, respondent's petition for injunctive relief. The court additionally entered an order appointing Helen Sigman as the children's representative.

On August 25, 2004, the parties' attorneys and Sigman appeared before Judge Riley and presented arguments concerning: (1) Taylor's motion to dismiss; (2) respondent's petition for an injunction; (3) respondent's petition for a rule to show cause; and (4) respondent's second petition to suspend visitation. In regard to the motion to dismiss, Taylor's attorney argued that the Act did not provide the court with a mechanism to add

---

[2]Only a notice of motion for the rule to show cause is contained in the record on appeal. However, the record indicates the petition was in response to Taylor's violation of the court's order that he stay 100 yards away from the children.

6

third-party respondents and that, because Taylor was not party to the original dissolution proceeding, the court lacked jurisdiction over him. Counsel also argued the cause should be dismissed for lack of venue.

Sigman indicated that after speaking to both parents and the children, and after reading the reports prepared by the children's psychiatrist and exchanging phone messages with him, it was her conclusion that both petitioner and respondent cared for the children, that both parents, and the children, enjoyed the alternating weekly parenting schedule, and that the only issue was petitioner's inability to keep Taylor away from the children. Sigman wanted the July 9, 2004 order in which petitioner agreed to keep Taylor away from the children expanded to enjoin Taylor from being in petitioner's home at any time, including when the children did not live there.

Petitioner's attorney represented that Taylor had moved out of petitioner's home in June and argued that the July 9 order was sufficient to protect the interests of the children. Counsel also argued that it was unnecessary to enjoin Taylor from residing in petitioner's home when the children were not staying there. However, if an injunction needed to be entered, counsel's position was that it should issue only against Taylor.

Taylor's attorney objected, arguing that Taylor should be given an opportunity to respond in writing and appear before the court before an injunction was entered. The court responded by saying "[t]hese are not his children, nor is this is [sic] his home." When counsel again argued that Taylor was entitled to appear in court or respond in writing, and was entitled to a hearing, the court responded "[b]ut, [c]ounsel, a hearing on what? They

7

are not his children. It is not his home." The court added "[w]hat could he possibly say in regard to his ability to have contact with somebody else's children[?] *** It's not like he's being accused of wrongdoing."

The circuit court determined that jurisdiction was proper and denied Taylor's motion to dismiss. The court also found that a permanent, rather than temporary, injunction was necessary because the problem was ongoing. The court then entered a permanent injunction prohibiting Taylor from having "any contact whatsoever" with the Seffren children or petitioner's home and ordering him to remain at least 100 yards away from the children at all times. The order also prohibited petitioner from allowing Taylor contact with the children or access to her home. Respondent's second motion to suspend visitation and his petition for a rule to show cause were withdrawn, and the matter was ordered "off-call." The court subsequently denied Taylor's motion to reconsider and made a finding that there was no just reason to delay enforcement of its orders. Taylor now appeals.

ANALYSIS

Taylor raises issues of jurisdiction, venue, and procedural due process on appeal. As respondent points out, Taylor has failed to support the majority of his contentions with citation to relevant authority in violation of Supreme Court Rule 341(e)(7) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(7), eff. October 1, 2001). Taylor has also failed to provide this court with the applicable standard of review as required by section (e)(6) of that rule. Respondent requests that we find Taylor has waived his contentions for appeal. This court "is not a depository in which the appellant may drop the burden of

argument and research" and is entitled to have the arguments of the parties clearly set forth and supported by pertinent authority. In re Marriage of Winton, 216 Ill. App. 3d 1084, 1090, 576 N.E.2d 856 (1991); Johnson v. Matrix Financial Services Corp., 354 Ill. App. 3d 684, 698, 820 N.E.2d 1094 (2004). However, as waiver is a limitation on the parties and not on this court, we will not find Taylor's contentions waived. In re Marriage of Kostusik, 361 Ill. App. 3d 103, 114, 836 N.E.2d 147 (2005).

I

Taylor challenges the circuit court's determination that it had jurisdiction. Where a circuit court determines jurisdictional issues without hearing testimony, we review the court's determination de novo. In re Marriage of Kosmond, 357 Ill. App. 3d 972, 974, 830 N.E.2d 596 (2005) (Kosmond).

Taylor's jurisdictional challenge, as set out before the circuit court and before this court, is unclear. Although he claims to contest the circuit court's subject matter jurisdiction to add him as a third-party respondent, Taylor uses phrases such as "over him," which sound in personal jurisdiction. The procedures used by trial counsel, including filing a special appearance to contest jurisdiction, also indicate a challenge to personal jurisdiction, at least under the preamended version of section 2-301 of the Code of Civil Procedure (see 735 ILCS 5/2-301 (West 1998); KSAC Corp. v. Recycle Free, Inc., 364 Ill. App. 3d 593, 594-97, 846 N.E.2d 1021 (2006) (discussing the 2000 amendments to section 2-301)). We will therefore address the circuit court's subject matter and personal jurisdiction.

In order for a judgment of a court to be valid, a court must have both jurisdiction of

9

the subject matter of the litigation and jurisdiction over the parties. In re Marriage of Verdung, 126 Ill. 2d 542, 547, 535 N.E.2d 818 (1989); State Bank of Lake Zurich v. Thill, 113 Ill. 2d 294, 308, 497 N.E.2d 1156 (1986). Subject matter jurisdiction is derived from Article VI of the Illinois Constitution (Ill. Const. 1970, art. VI) and refers to a court's power to hear and determine cases of the general class or category to which the proceedings belong. In re Marriage of Devick, 315 Ill. App. 3d 908, 913, 735 N.E.2d 153 (2000) (Devick); In re Marriage of Hostetler, 124 Ill. App. 3d 31, 34, 463 N.E.2d 955 (1984) (Hostetler). Personal jurisdiction, on the other hand, is not conferred by any constitutional grant; rather, a court's jurisdiction over a person is conferred by the service of summons or by the filing of an appearance. Hostetler, 124 Ill. App. 3d at 34; see also In re Marriage of Schmitt, 321 Ill. App. 3d 360, 367, 747 N.E.2d 524 (2001).

In this case, the circuit court had subject matter jurisdiction. Section 511 of the Act (750 ILCS 5/511 (West 2004)) grants the circuit courts jurisdiction to modify a previously entered judgment of dissolution, so long as a modification petition has been filed. Ottwell v. Ottwell, 167 Ill. App. 3d 901, 908, 522 N.E.2d 328 (1988). Here, respondent filed a petition to suspend petitioner's visits until such time as she could ensure the children would not be exposed to Taylor. Therefore, the circuit court had jurisdiction over the subject of respondent's postdecree motions.

Further, contrary to Taylor's contention, he was properly added as a third-party respondent. Section 403 of the Act provides that the circuit court may join additional parties in its discretion. 750 ILCS 5/403(d) (West 2004). Even though the joinder of third

parties is not specifically addressed in the postdecree context, section 105 of the Act states that the Civil Practice Law (735 ILCS 5/2-101 et seq. (West 2004)) shall apply except where otherwise provided. 750 ILCS 5/105(a) (West 2004). Section 2-406 of the Civil Practice Law provides a way for individuals to be brought into cases as third parties. 735 ILCS 5/2-406 (West 2004). Following this statutory scheme, it seems that a circuit court may add third parties in dissolution cases, and cases from this court in fact support such a notion. See Kosmond, 357 Ill. App. 3d at 973 (German bank added as a third-party respondent in a dissolution proceeding); Devick, 315 Ill. App. 3d at 913 (addressing a third-party action in the postdecree context); In re Marriage of Olbrecht, 232 Ill. App. 3d 358, 365-66, 597 N.E.2d 635 (1992) (discussing counsels' strategic choices to opt to not add the husband's aunt as a party in a dissolution proceeding). Taylor even concedes that in some cases, courts may add certain parties as third-party respondents, but, for unspecified reasons, argues he could not be added in this case. We will not entertain such a vague and unsupported argument and therefore conclude that the circuit court had the authority to add Taylor to the postdecree proceedings at bar, and otherwise had jurisdiction over the subject matter of the proceedings.

We similarly conclude that the circuit court had personal jurisdiction over Taylor. Section 2-209(b)(2) of the Code of Civil Procedure provides that a court may exercise jurisdiction over a natural person domiciled within the state at the time the action arose. 735 ILCS 5/2-209(b)(2) (West 2004); Kosmond, 357 Ill. App. 3d at 976. The record in this case indicates that Taylor, a resident of Lake County, was domiciled in Illinois and was

properly served with summons, the petition for a preliminary injunction, and the TRO on July 8, 2004. Personal jurisdiction was therefore proper.

II

Taylor next contends that the circuit court "erred in denying [his] motion to dismiss" because Cook County was not the proper venue. This contention also lacks merit.

Section 512 of the Act addresses venue in the postdecree context. 750 ILCS 5/512 (West 2004). According to that section, where, as here, both the respondent and the petitioner no longer live in the judicial circuit where the dissolution was granted, further proceedings may continue in that circuit. 750 ILCS 5/512(c) (West 2004). Therefore, as the parties' marriage was dissolved in Cook County, venue remained in that county so long as neither party objected. The record indicates that neither petitioner nor respondent objected to the proceedings taking place in Cook County, and venue was therefore proper.

Taylor argues that although Cook County may have been the proper venue to litigate any issues between petitioner and respondent, Lake County was the only venue to litigate respondent's motions for injunctive relief against Taylor. Taylor seems to argue that because section 512 addresses venue only as it involves the petitioner or the respondent, and not as it relates to third parties added post decree, the general venue provision of the Code of Civil Procedure applies. Relying on section 2-101 of that Code, Taylor argues venue was proper in Lake County because that is where he resides and where the complained-of actions arose. See 735 ILCS 5/2-101 (West 2004). Taylor's contention fails,

as normal venue rules generally have no application where a third party has been added because the third party is added to a preexisting lawsuit.  3 R. Michael, Illinois Practice § 25.5, at 444 (1989).

Even if we were to accept Taylor's contention that Cook County was an improper venue, the result would not be to dismiss the case.  Rather, the proper relief would be to transfer the cause to Lake County.  At no point during the proceedings did Taylor ever ask that the case be transferred to Lake County; rather he sought only to dismiss the action in its entirety.  As neither the Act nor the Code of Civil Procedure provides for such relief, the circuit court did not err in denying Taylor's motion to dismiss the case.

III

Taylor next contends that the circuit court erred in entering a permanent injunction on August 25, 2004, because the matter was only set for status on that date and because the court did not provide him with an opportunity to respond or to present evidence.

While the purpose of a preliminary injunction is to preserve the status quo pending resolution of the merits of the case (Butler v. USA Volleyball, 285 Ill. App. 3d 578, 582, 673 N.E.2d 1063 (1996) (Butler)), the purpose of a permanent injunction is to maintain the status quo indefinitely following a hearing on the merits (American National Bank & Trust Co. of Chicago v. Carroll, 122 Ill. App. 3d 868, 881, 462 N.E.2d 586 (1984) (Carroll)).  In order to be entitled to a permanent injunction, the party seeking the injunction must demonstrate: (1) a clear and ascertainable right in need of protection; (2) that he or she will suffer irreparable harm if the injunction is not granted; and (3) that there is no adequate

remedy at law. <u>Sparks v. Gray</u>, 334 Ill. App. 3d 390, 395, 777 N.E.2d 1026 (2002) (<u>Sparks</u>). Because the issues raised in this case present questions of law, our review of the grant of injunctive relief is <u>de novo</u>. <u>Butler</u>, 285 Ill. App. 3d at 582.

We agree with Taylor's contention that the circuit court erred in issuing an injunction permanently enjoining him from having any contact with the Seffren children or from residing in petitioner's home without holding an evidentiary hearing on the matter. It is settled law that a permanent injunction may be entered only after the party seeking the injunction demonstrates at "a hearing on the merits" the requisite elements for permanent injunctive relief. <u>Carroll</u>, 122 Ill. App. 3d at 881; <u>Sparks</u>, 334 Ill. App. 3d at 395; <u>Butler</u>, 285 Ill. App. 3d at 582. Further, a permanent injunction may not be entered without providing the respondent the opportunity to appear in court, to present evidence, and to cross-examine witnesses where he or she is not in default. <u>Pfeffer v. Lebanon Land Development Corp.</u>, 46 Ill. App. 3d 186, 193-94, 360 N.E.2d 1115 (1977); <u>James B. Beam Distilling Co. v. Foremost Sales Promotions, Inc.</u>, 13 Ill. App. 3d 176, 178, 300 N.E.2d 488 (1973).

The report of the August 25, 2004 proceedings indicates that the circuit court considered only arguments from the parties' attorneys and the children's representative. Taylor was not present, and although Taylor's attorney objected several times and asked that Taylor be permitted to be heard and to present evidence, Taylor was not given an opportunity to respond to the allegations contained in respondent's petition or to present evidence. The circuit court then entered a permanent injunction without hearing any

testimony or other substantive evidence. Because the procedures undertaken by the circuit court in this case were improper, we reverse the circuit court's order granting a permanent injunction, and remand the cause for further proceedings not inconsistent with this opinion. In light of our findings, we need not consider Taylor's contention regarding the denial of his motion to reconsider.

## CONCLUSION

The portions of the circuit court's August 25, 2004 order finding jurisdiction and venue proper are affirmed. The circuit court's order granting a permanent injunction is reversed and the cause is remanded.

Affirmed in part and reversed in part; cause remanded.

HOFFMAN, P.J., and KARNEZIS, J., concur.