2022 IL App (2d) 210089-U
No. 2-21-0089
Order filed April 15, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| EDWARD A. WEINHAUS, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20-D-1717 |
| | ) | |
| NATALIE B. COHEN, f/k/a/ Weinhaus, | ) | Honorable |
| | ) | Ari P. Fisz, |
| Respondent-Appellee. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Presiding Justice Bridges and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Trial court did not err by dismissing a former husband's petition to register a foreign judgment for dissolution of marriage and motion to modify child support where the circuit court of Cook County had venue and the former husband failed to move for change of venue in Cook County. Affirmed.

¶ 2    In this post-dissolution litigation, petitioner, Edward A. Weinhaus (Edward), appeals an order of the circuit court of Lake County dismissing his petition to register a foreign judgment and to motion to modify child support and for other relief. For the following reasons we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The parties, petitioner, Edward Weinhaus, and respondent, Natalie Cohen, married in February 2002. Five children were born as a result of the marriage: M.W. (born 2002), L.W. (born 2004), S.W. (born 2005), S.W. (born 2008), and E.W. (born 2011). No later than October 2011, the parties separated.

¶ 5    In October 2014, the circuit court of Cook County entered an agreed order granting joint custody of the children and naming Natalie as the primary residential parent. In April 2015 the circuit court of Cook County, Illinois, entered an order of dissolution of the parties' marriage. In July 2015 the same court ordered, *inter alia*, Edward to pay monthly child support of $2240.

¶ 6    Since 2015 Edward filed 38 post-dissolution pleadings in Cook County. Numerous post-dissolution orders followed in Cook County, including an August 2020 order naming Edward sole residential parent for the parties' second oldest child, L.W. On November 11, 2020, Edward filed a motion in Cook County, for declaratory judgment and substitution of judge. On December 7, 2020, the Cook County Circuit Court denied Edward's motion for substitution of judge for cause.

¶ 7    On November 30, 2020, Edward filed in the circuit court of Lake County, a petition for registration of a foreign judgment and a motion to modify child support and other relief. Natalie moved to strike and dismiss pursuant to section 2-619(a)(9) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2020)) and moved for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan 1, 2018).

¶ 8    On February 19, 2021, the trial court granted Natalie's motion to strike and dismiss and denied Natalie's request for sanctions "without prejudice to [Natalie's] right to seek [section] 508 fees in the Cook [C]ounty action." See 750 ILCS 5/508(b) (West 2020).

¶ 9    Edward filed this timely appeal.

¶ 10                                    II. ANALYSIS

¶ 11    Edward argues that the trial court erred by dismissing his petition to register a foreign judgment and his motion to modify child support because the circuit court of Lake County was a proper venue.

¶ 12    Natalie's motion was brought pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2020). The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proven issues of fact at the outset of litigation. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). A section 2-619 motion "admits as true all well-pleaded facts, along with all reasonable inferences that can be gleaned from those facts." *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008). Under section 2-619 of the Code, our standard of review is *de novo.* *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009).

¶ 13    Edward contends that the circuit court erred by dismissing his petition to register a foreign judgment and motion to modify child support and for other relief because Cook County was not the proper venue. This contention lacks merit.

¶ 14    Edward cites section 512(c) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/512(c) (West 2020)), to support his argument. Section 512 of the Act provides in part:

> "Post-Judgment Venue. After 30 days from the entry of a judgment of dissolution of marriage or legal separation or the last modification thereof, any further proceedings to enforce or modify the judgment shall be as follows:

> * * *

> (c) If neither party then resides in the judicial circuit wherein the judgment was entered or last modified, *further proceedings shall be had in that circuit or in the judicial circuit wherein either party resides*; provided, however, that the court may, in its discretion, transfer matters involving a change in the allocation of

parental responsibility to the judicial circuit where the minor or dependent child resides." (Emphasis added.) 750 ILCS 5/512(c) (West 2020).

¶ 15    Thus, section 512 of the Act addresses venue in the post-dissolution context. 750 ILCS 5/512 (West 2020). According to that section, where, as here, neither party resides in the judicial circuit where the dissolution was granted, further proceedings may continue in that circuit. 750 ILCS 5/512(c) (West 2020). Therefore, as the parties' marriage was dissolved in Cook County, venue remained in that county so long as neither party objected to venue nor moved for transfer of venue. See *In re Marriage of Seffren*, 366 Ill. App. 3d 628, 636 (2006); 750 ILCS 5/511(a) (West 2020).

¶ 16    We note that section 512(c) provides that, in the alternative, further proceedings may be had in the judicial circuit where either party resides. Section 511(a) of the Act provides a mechanism to change venue. Section 511(a) provides:

"Any judgment entered within this State may be enforced or modified in the judicial circuit wherein such judgment was entered or last modified by the filing of a petition with notice mailed to the respondent at his last known address, or by the issuance of summons to the respondent. *If neither party continues to reside in the county wherein such judgment was entered or last modified, the court on the motion of either party or on its own motion may transfer a post-judgment proceeding \*\*\* to another county or judicial circuit, as appropriate, where either party resides*. If the post-judgment proceeding is with respect to maintenance or support, any such transfer shall be to the county or judicial circuit wherein the recipient or proposed recipient of such maintenance or support resides." (Emphasis added.) 750 ILCS 5/11(a) (West 2020).

¶ 17 Thus, Edward could have, but failed to avail himself of the proper procedure to transfer venue from Cook County to Lake County. Because the circuit court of Cook County did not enter an order transferring venue to the circuit court of Lake County, the court properly dismissed Edward's post-dissolution pleadings.

¶ 18                                    III. CONCLUSION

¶ 19 For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 20 Affirmed.